PETER KREMER *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO.

Argued July 6, 1893.  Reversed July 14, 1893.

Statutory Right to a Second Trial in Ejectment.

>   Where, in an action against a railway company for the recovery of real property, it puts in issue plaintiff's right to recover, it is entitled, if defeated, to another trial, under 1878 G. S. ch. 75, § 11, notwithstanding that in its answer it asks, under the provisions of 1878 G. S. ch. 34, § 34, for an assessment of the compensation to be paid for taking the land for railway purposes, in case plaintiff on the trial establishes his right to recover.

Appeal by defendant, the Chicago, Milwaukee & St. Paul Railway Company from an order of the District Court of Faribault County, *M. J. Severance,* J., made March 13, 1893, striking from the files its demand for a second trial.

The plaintiff, Peter Kremer, brought this action to recover possession of a strip of land one hundred feet wide running across his farm and occupied by defendant for its line of railway from Wells to Mankato.  The answer put in issue the plaintiff's title to this strip of land and alleged that its railway was built over it and operated with his consent.  The answer then alleged that this strip of land was necessary for the operation of its railway, and asked, in case the jury found plaintiff entitled to recover, that they also find the amount of compensation to which plaintiff is entitled for the taking and perpetual use of it for railroad purposes. (1878 G. S. ch. 34, §§ 33–38.)  On the trial the jury found the plaintiff entitled, and assessed the compensation for taking the strip at $4,775.  Defendant moved for a new trial, but was denied, and it appealed.  That order was affirmed in this court.  51 Minn. 15. The decision of this court was sent down and judgment was on October 28, 1892, entered there.  The defendant on November 29, 1892, paid the taxed costs, disbursements and attorney's fees allowed by the court and interest thereon from the day of the entry of judgment, ($664.50,) and served on the plaintiff and his attorneys a demand for another trial of the action, and filed the original demand with proof of service with the clerk. (1878 G. S. ch. 75, § 11.)

The plaintiff moved the court March 6, 1893, on notice for an order striking this demand from the records and files in the action. After argument the trial court granted the motion. Defendant appeals.

*A. C. Dunn* and *H. H. Field*, for appellant.

It has been repeatedly held by this court that any action in which the ultimate effect of the judgment is, to transfer the possession of land from one party to the other, is within the statute, although it may not be strictly an action of ejectment in the first instance. *Eastman* v. *Linn*, 20 Minn. 433, (Gil. 387;) *Ferguson* v. *Kumler*, 25 Minn. 183; *City of St. Paul* v. *Chicago, M. & St. P. Ry. Co.*, 49 Minn. 88; *Godfrey* v. *Valentine*, 50 Minn. 284; *Knight* v. *Valentine*, 35 Minn. 367.

On the trial of this action the defendant admitted in writing that the plaintiff was the owner of the several forty-acre tracts of land described in the complaint, and through which the railroad was constructed. This did not admit his right to possession, as against the positive denials of the answer. The plaintiff, or a third party, might have had a fee title to the strip of land, and the defendant still have the easement and right of perpetual occupancy and possession for its railroad. But if the stipulation is to be construed as admitting the title of the plaintiff to the strip, that would be no reason why the defendant should not have another trial of the action as in ejectment. *Hewitt* v. *Wisconsin River Land Co.*, 81 Wis. 546; *Rogers* v. *Greenwood*, 14 Minn. 333, (Gil. 256;) *Bray* v. *Doheny*, 39 Minn. 355; *Wells* v. *American Exp. Co.*, 49 Wis. 224.

*Daniel Buck* and *Hale & Morgan*, for respondent.

An action for the recovery of real property mentioned in 1878 G. S. ch. 75, § 11, must be one in which possession of the real property in controversy can be recovered; it must, in the nature of things, be one in which the judgment, if against the defendant, is for the recovery of real property, and not one in which, by the law, the court could not render judgment against defendant for the possession of the premises. There are two classes of cases provided for, in one of which judgment goes against the defendant for the immediate possession of the land and for damages, rents, profits;

and in the other, that plaintiff recover the land in suit, or in lieu thereof the compensation fixed by the jury, but with no right or privilege on his part to take the land rather than the compensation. In other words, in the latter case the judgment secures to the defendant the right to keep the land and pay for it. It requires a great stretch of imagination to spell out a judgment against the defendant for the recovery of real property in the latter case.

The proposition that a railroad company, wrongfully in possession of lands, may cause an assessment of the value of the property appropriated, and then set aside such assessment, not because of error in the proceedings, but in the hope that it may secure a more favorable assessment, and in the meantime retain the possession and use of the land, permits one of the parties to a controversy to determine a judicial question in his own favor, and compels the other party to submit to the decision. *Pollard* v. *Moore,* 51 N. H. 188; *Neal* v. *Pittsburg & Connelsville R. Co.,* 31 Pa. St. 19; Mills, Em. Dom. § 315; *Hupert* v. *Anderson,* 35 Iowa, 579; *Matter of Rhinebeck Railroad,* 67 N. Y. 242; *Jones* v. *Oxford,* 45 Me. 419; *In re Water Commissioners Jersey City,* 31 N. J. Law, 72.

After the action has been by defendant's direction transformed into a condemnation proceeding, it is too late to say that the action is still in the nature of a common-law ejectment, which is the only action that comes within this statute. *Hallam* v. *Doyle,* 35 Minn. 337; *Knight* v. *Valentine,* 35 Minn. 367; *Whitaker* v. *McClung,* 14 Minn. 170, (Gil. 131.)

MITCHELL, J. The question presented on this appeal is whether a defendant railway company is entitled, under 1878 G. S. ch. 75, § 11, to a second trial of an action against it for the recovery of real property, where, in its answer, in addition to putting in issue plaintiff's right of recovery, it also, under the provisions of 1878 G. S. ch. 34, § 34, asks for an assessment of the compensation to be paid for taking the land for railway purposes, in case the plaintiff on the trial establishes his right to recover. We are compelled to the conclusion that this question must be answered in the affirmative. If the legal effect of a demand for such an assessment was to admit plaintiff's right of recovery, or if, in its answer, the railway company admitted that right, so that the action became one pure and simple

for an assessment of plaintiff's compensation, it would really no longer be an action for the recovery of real property, and would not be within the spirit, at least, of the statute giving another trial in such actions. But such is not the effect of the defendant's demanding an assessment of compensation, and such was not the tenor of the answer in this case. The assessment was contingent upon plaintiff's establishing his right to recover the land. That issue remained to be litigated the same as in any action for the recovery of real property. It was the foundation of the action. The provision for an assessment is one for the benefit of the defendant, so that, in case plaintiff succeeds, it may, at its option, pay the compensation, instead of surrendering the land. As was said in *Koerper* v. *St. Paul & N. P. Ry. Co.*, 40 Minn. 132, (41 N. W. Rep 656,) this is merely a qualification of plaintiff's recovery, by which he obtains the value in lieu of the land itself. The fact that a defendant, in its answer, asks for this conditional relief certainly does not deprive the plaintiff, if defeated, of the right to another trial; and it would be inconsistent with the provisions of our statute on the subject to hold that one party had this right while the other had not. We find nothing in the statute indicating any legislative intent that by asking for this contingent relief a defendant waives or loses the right, which unquestionably he would otherwise have, to demand another trial. On the contrary, the last section of the act, (1878 G. S. ch. 34, § 38,) providing that the action given by the act shall in all other respects, except as herein provided, be governed by the same rules of practice and procedure as to new trials, etc., as other actions brought for the recovery of real estate, seems to us conclusive on the question. Unless this refers to the right to another trial as given by 1878 G. S. ch. 75, § 11, it would be practically meaningless. The suggestion that this applies to such an action only where no demand for an assessment of compensation is made in the answer, finds no support in the language of the statute. Stress is laid upon a stipulation made in the trial court that the plaintiff at the commencement of the action was the owner in fee of the several 40's described in the answer (of which the 100-foot strip in possession of defendant was a part) as amounting to an admission of plaintiff's right of recovery, and hence rendering the action merely a proceeding for ascertaining plaintiff's compensation. We do not think the stipulation goes

that far.   Plaintiff might be the owner of the fee, and yet the defendant the owner of an easement for railway purposes, entitling it to possession.   See, also, Newell, Eject. p. 844, § 43; *Hewitt* v. *Wisconsin River Land Co.*, 81 Wis. 546, (51 N. W. Rep. 1016.)   It may be suggested that if the defendant is entitled to a second trial it is only of the issue as to plaintiff's right of possession, and not of the assessment of compensation.   There are several reasons why it seems to us that if defendant is entitled to another trial at all it must be of the entire case, but the mention of one is sufficient.   The line of evidence on part of either plaintiff or defendant on a second trial cannot be anticipated, and, if plaintiff succeeds at all, it may be by establishing an entirely different interest or estate in the land from that established on the first trial, thus rendering necessary an assessment of his compensation on a different basis.   The right to a second trial in actions for the recovery of real property is a relic of the fictions of the old common-law action of ejectment, which had their foundation, in part, at least, in the old feudal idea that the title to real property is too sacred to be concluded by the result of one trial, or even one action, which, in my judgment, has no justification for its continued existence.   It is also apparent that under the statute of 1875 (1878 G. S. ch. 34, § 38) a railway company may be enabled to avail itself of this right to a second trial, ostensibly to retry the question of the plaintiff's right to recover the land, but in reality merely for the purpose of securing a second assessment of the amount of compensation to be paid for taking the land for railway purposes. But we see no way of preventing this under the statute as it now exists.

Order reversed.

(Opinion published 55 N. W. Rep. 928.)