CONNECTICUT MUTUAL LIFE INSURANCE COMPANY v. SILAS
KING and Others.

May 19, 1898.

Nos. 10,980—(105).

**Record of Mortgages — Consecutive Numbers — G. S. 1894, § 767 — Presumption as to Priority.**

Where several mortgages, executed on the same day on the same land, were recorded at the same hour, and each received document numbers in the register's office, *held*, under G. S. 1894, § 767, it must be presumed, in the absence of any showing to the contrary, that they take priority in the order in which they are numbered.

**Foreclosure of First and Second Mortgages—Notice of Intention to Redeem—Redemption by Junior Creditor from Both Sales—Lien of Senior Creditors Extinguished—Creditor's Right.**

The year to redeem from the foreclosure sale under the second mortgage expired 30 days before the year to redeem from the foreclosure sale under the first mortgage. No redemption was made from either sale within the year allowed to the owner to redeem. Eighteen subsequent lien creditors filed notices of intention to redeem from each sale, so that the successive 5-day periods allowed to them in which to redeem, in the order of seniority, after the year, extended the time of the eighteenth or junior creditor to 90 days after the sale. The other 17 failed to redeem from the earlier sale, and on the ninetieth day after that sale the eighteenth creditor redeemed from both sales. *Held*, the liens of the other 17 were cut off and extinguished by their failure to redeem from such earlier sale, and therefore they could not redeem from the later sale on the first mortgage. *Held*, further, the redemption of the eighteenth creditor from the later sale was not premature, although the redemption was made 25 days before his 5-day period would arrive in which to redeem from that sale. The provision of statute extending the period of redemption for each of these successive 5-day periods is intended for the benefit of the creditors, not for the benefit of the holder of the sheriff's certificate; and, as long as it did not interfere with the rights of any other person entitled to redeem, the eighteenth creditor could waive such extension of time.

**Same—Assignment of Sheriff's Certificate of Sale to Lien Creditor—Merger.**

> Said eighteenth creditor took a conveyance from the holder of the sheriff's certificate of the foreclosure sale of the second mortgage two days after the year to redeem from that sale expired, and subsequently redeemed from himself at the time above stated. *Held*, his right as such lien creditor did not merge in the title so acquired, so as to prevent him from redeeming as such creditor.

Appeal by plaintiff from an order of the district court for Hennepin county, Johnson, J., denying a motion for a new trial in an action of ejectment. Affirmed.

*Charles J. Tryon*, for appellant.

*Roberts & Sweet*, for respondent King.

*John H. Long*, for the other respondents.

CANTY, J.

1. On October 1, 1892, one Fish was the owner of the land here in question, and on that day mortgaged it to plaintiff, and the mortgage was recorded. Thereafter, on February 25, 1896, Fish conveyed the land to one Long, who assumed and agreed to pay the first mortgage, and executed to Fish a second mortgage, which was recorded. The second mortgage was foreclosed by a sale made on January 20, 1896, to one Flynn, the assignee of the mortgage. Thereafter the first mortgage was foreclosed by a sale made on February 19, 1896, to this plaintiff. On January 18, 1897 (two days before the time to redeem expired on the foreclosure of the second mortgage), Long executed and delivered to each of 18 different persons a different mortgage on this land. Each of these mortgages purported to be a first lien on the land. Five of these mortgages were recorded at the same hour on that day, and received successive document numbers in the register's office; five more were recorded at the same hour on the 19th, and received later successive document numbers; five more were recorded at a later hour on that day, and received later successive document numbers; and the other three were recorded at still a later hour on that day, and received still later successive document numbers.

Appellant contends that all of these 18 mortgages are co-ordinate, but we cannot so hold. G. S. 1894, § 767, provides that the

number on the instrument shall be prima facie evidence of the priority of its registration; and, in the absence of any showing to the contrary, we must hold that these mortgages take priority in the order in which they are numbered.

2. Each of said 18 mortgagees, at the time he filed the mortgage as aforesaid, filed also with the register a notice of intention to redeem, under his said mortgage, from the foreclosure sale of said second mortgage, and a notice of intention to redeem, also, from the foreclosure sale of said first mortgage. The defendant King is mortgagee in the last of this series of 18 mortgages, and, under rule above stated, we must hold that his mortgage is subsequent to all of the others.

The year in which the owner might redeem from the foreclosure sale of the second mortgage expired on January 20, 1897, and no such redemption was made. Two days later, on January 22, 1897, Flynn assigned the sheriff's certificate issued to him on this sale to King, by an instrument which also conveyed the land to King. No redemption was made or attempted from either foreclosure sale prior to April 20, 1897. But on that day King, as such eighteenth mortgagee, went through the form of redeeming from himself from the foreclosure sale of the second mortgage, and on the same day he redeemed from the foreclosure sale of the first mortgage. Our statute (G. S. 1894, § 6044) provides that, if no redemption is made within the year, the senior creditor, having a lien, may redeem within five days thereafter,

"And each subsequent creditor, having such lien, within five days after the time allowed all prior lienholders, as aforesaid, may redeem, * * * provided, that no creditor shall be entitled to redeem, unless, within the year allowed for redemption, he files notice of his intention to redeem in the office of the register of deeds."

It will be observed that, prior to King, there were 17 mortgagees who had a right to redeem from the foreclosure of the second mortgage, and that after the year expired these 17 had each five days, successively, in the order of seniority, in which to make his redemption; so that the 17 had in all 85 days after January 20, 1897, in which to redeem, before it came King's turn, and he had five days thereafter in which to redeem, as such eighteenth mortgagee. He

72 M.—19

redeemed on the fifth day thereafter, so that he made such redemption at a proper time. But these 17 prior mortgagees had also five days each after the year expired in which to redeem from the foreclosure sale on the first mortgage. The year expired February 19, 1897. But, instead of waiting 85 days after that date, King redeemed from that sale on April 20,—the sixtieth day after that date. Plaintiff has not accepted or received the redemption money from the sheriff. No question of fraud in extending the time to redeem is raised in this case, such as was raised in New England M. L. Ins. Co. v. Capehart, 63 Minn. 120, 65 N. W. 258.

On these facts, the court below held that King made a valid redemption from the foreclosure sale on the first mortgage; that he is the owner of the land; and judgment was ordered in his favor. From an order denying a new trial, plaintiff appealed.

Appellant contends that King's redemption from the later foreclosure sale was premature, and is therefore void; that he should have waited until the end of the 17 5-day periods allowed by the statute to the other 17 prior mortgagees. While, under the statute, he might have waited until the end of that time, we cannot hold that he was obliged to do so. On April 20, when King redeemed, each of the 17 prior mortgagees had lost his lien by failing to redeem from the foreclosure sale of the second mortgage, and therefore could not afterwards redeem from the foreclosure sale of the first mortgage. Lowry v. Akers, 50 Minn. 508, 52 N. W. 922. See, also, Abraham v. Holloway, 41 Minn. 156, 42 N. W. 867. Then, within 60 days after the year to redeem from the sale on the first mortgage expired, all of the lienholders prior to King had been cut off; and why was King bound to wait 25 days more before he redeemed, merely because the notices filed by such prior lienholders, whose rights are now extinguished, gave him that length of time?

The provisions of the statute extending the time of redemption for each of such successive 5-day periods are intended for the benefit of the creditors who give notice of their intention to redeem, not for the benefit of the holder of the sheriff's certificate. King's redemption on April 20 from the sale on the first mortgage did not and could not interfere in any manner with the rights of any other person entitled to redeem, and, under these circumstances, King

had a right to waive the extension of time which the statute gave for his benefit. We are not unmindful of the fact that a subsequent lien creditor holding a claim against King filed a notice of intention to redeem. But King's earlier redemption did not interfere with the rights of his creditor.

3. We are also of the opinion that King's rights as mortgagee did not merge in the title which he acquired by the conveyance made to him on January 22, 1897, two days after the year to redeem from the foreclosure of the second mortgage expired. He did not take possession until after he redeemed on April 20. In the meantime, matters remained unsettled. The title he acquired by such conveyance might at any time have been taken from him by a redemption by any one of the other 17 mortgagees; and, if it had been so taken, he would still have had to redeem in his turn, as the eighteenth mortgagee. The doctrine of merger is a flexible, equitable doctrine. Each case depends on its own circumstances, and, under the circumstances of this case, we cannot hold that there was a merger which prevented King from redeeming as creditor.

This disposes of all the questions raised having any merit, and the order appealed from is affirmed.