CAROLINE S. TERRY v. JOHN D. MORAN and Others.

January 11, 1899.

Nos. 11,293—(203).

Priority of Mortgage—Principal and Agent—Finding Sustained by Evidence.

Two mortgages on the same land, but each to a different mortgagee, were dated the same day, executed and recorded at the same time, and both mortgagees were represented by the same agent. *Held*, on the evidence, the court did not err in finding that the mortgages were co-ordinate, and in refusing to find that one mortgagee, through such agent, promised the other that the latter's mortgage should be prior.

Action in the district court for Ramsey county to foreclose a mortgage and to have the lien of it declared superior to the mortgage of Frances A. Mead. The cause was tried before O. B. Lewis, J., without a jury, who ordered judgment in favor of plaintiff and of Frances A. Mead for the foreclosure of their mortgages respectively. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*William G. White*, for appellant.
*Warren H. Mead*, for respondents.

CANTY, J.

Plaintiff brought this action to foreclose a mortgage held by her on a certain parcel of land in St. Paul. On the trial the court found

that plaintiff's mortgage and another mortgage held by defendant Frances A. Mead are co-ordinate and of equal priority. Plaintiff appeals from an order denying a new trial.

The only error complained of by appellant is the failure of the court to find that her mortgage is superior to the Mead mortgage. In 1883, Frances A. Mead was the owner of the land, and conveyed it to one Collins for the consideration of $3,000. He paid her $500 in cash, and executed to her a mortgage for $2,500 to secure the balance of the purchase price.

Nearly five years afterwards plaintiff loaned Collins $600, receiving as security for the loan a second mortgage on the land. Three months later plaintiff loaned him $2,500, and he executed to her another mortgage on this land to secure the repayment of the same. The defendant Warren H. Mead acted for her in making these loans, and made them out of her money, which he had in his hands to loan for her according to his best judgment. When he made the latter loan, he applied $1,200 of the money so loaned as a part payment on the mortgage of his wife, Frances A., who at the same time executed to Collins a release of her mortgage, and received from him a new mortgage on the same land for $1,200, the balance due her. This new mortgage for $1,200 and plaintiff's mortgage for $2,500 were both dated the same day, and were executed and recorded at the same time, the former mortgage receiving the register No. 66,072, and the latter register No. 66,073.

Subsequently plaintiff, acting through her attorney, Warren H. Mead, foreclosed both of her mortgages under the powers of sale contained therein. Before the year to redeem expired, Collins conveyed the land to defendant Moran, who redeemed from both foreclosures by executing to plaintiff a new mortgage on the land for $3,400. At the same time Frances A. Mead executed a release of her mortgage for $1,200, and received from Moran a new mortgage on the land for the same amount. Those last two mortgages were also dated, executed, and recorded at the same time, plaintiff's mortgage receiving the prior register number.

Warren H. Mead acted also as the agent of his wife. She stipulated on the trial that he "was her agent, authorized to conduct and carry forward the transactions on her behalf."

Plaintiff knew that Frances A. Mead held the mortgage for $1,200; but the evidence tends strongly to prove that Warren H. Mead had always represented to plaintiff that her mortgage for $2,500 should be and was prior to his wife's mortgage. But we cannot hold that the evidence is conclusively in plaintiff's favor on this point.

The evidence also tends strongly to prove that he committed a gross error of judgment or a gross breach of duty in loaning the $2,500 for plaintiff on this land without having his wife's mortgage wholly satisfied or made subsequent to plaintiff's mortgage. But his wife is not responsible for his failure to perform his duty to plaintiff as her agent in any of these respects, and his wife is not estopped by reason of such failure.

The order appealed from is therefore affirmed.