CONNECTICUT MUTUAL LIFE INSURANCE COMPANY v. SILAS KING
and Others.[1]

May 31, 1900.

Nos. 11,954—(44).

**Second Trial in Ejectment—First Decision—Stare Decisis.**

In a second trial, upon the same state of facts, in an action in ejectment, taken under G. S. 1894, §§ 5845, 5846, *held*, that the decision upon the former appeal controls upon the doctrine of stare decisis, and not upon the doctrine of res judicata.

**Redemption from Foreclosure—G. S. 1894, § 6044.**

*Held*, that G. S. 1894, § 6044, in reference to the time within which subsequent creditors may redeem with respect to prior lienholders, was enacted for the benefit of parties seeking to redeem, and the party hold-

[1] Reported in 82 N. W. 1103.

ing the rights acquired at the foreclosure sale can take no advantage of the fact that a subsequent creditor redeems within the time open to a prior lienholder.

Action of ejectment in the district court for Hennepin county. On a second trial, the case was tried before Brooks, J., who directed a verdict in favor of defendants. After denial of a motion for judgment notwithstanding the verdict or for a new trial, judgment was entered pursuant to the verdict. From the judgment, plaintiff appealed. Affirmed.

*Charles J. Tryon* and *Charles A. Willard,* for appellant.

The decision in the first appeal has no bearing, except as a precedent; the doctrine of res judicata does not apply, but that of stare decisis. At common law the verdict and judgment was not conclusive. Repeated actions of ejectment might be brought, and the prior judgment was no bar; after many actions at law, a bill for an injunction would lie to restrain further ejectments, and these statutes for a second trial are to prevent the title of real estate from being concluded by a single trial. Somerville v. Donaldson, 26 Minn. 75, 77; Smale v. Mitchell, 143 U. S. 99; Equator Co. v. Hall, 106 U. S. 86. The statute does not extend, but restricts, the right of the parties to continue litigation. Keeler v. Dennis, 39 Hun, 18, 21. It is a relic of the fictions of the common law. Kremer v. Chicago, M. & St. P. Ry. Co., 54 Minn. 157, 161. The judgment in ejectment stands as the final determination of the rights of the parties, unless a new trial be obtained under the section of the statute referred to. West v. St. Paul & N. Pac. Ry. Co., 40 Minn. 189, 191; Newell, Ej. 844; Sheldon v. Van Vleck, 106 Ill. 45, 48; Slauson v. Goodrich, 99 Wis. 20; Green Bay v. Hewitt, 62 Wis. 316; Donahue v. Klassner, 22 Mich. 252, 254; Eichert v. Schaffer, 161 Pa. St. 519. The first judgment in ejectment does not bar, or constitute res judicata on, the second trial. Brownsville v. Cavazos, 100 U. S. 138; Sheldon v. Van Vleck, supra; Kinter v. Jenks, 43 Pa. St. 445.

The wording of our statute confirms this view. It provides (G. S. 1894, § 5845) that "thereupon the action shall be retried." By section 5358 "a trial is the judicial examination of the issues between the parties, whether they are issues of law or of fact." This

appellant is entitled to another judicial examination of the issues of law. There can be no examination of such an issue if the result of the first examination must necessarily control. The statute also provides that "the judgment last given shall be the final determination of the rights of the parties." Section 5846. But if there is to be no re-examination of the issues of law, then the first judgment is the final determination of the rights of the parties so far as the law is concerned. See Hunt v. O'Leary, 78 Minn. 281. The doctrine of law of case on second appeal in our courts is that of res judicata. Ayer v. Stewart, 16 Minn. 77 (89); Bradley v. Norris, 67 Minn. 48; Schleuder v. Corey, 30 Minn. 501; Maxwell v. Schwartz, 55 Minn. 414; Tilleny v. Wolverton, 54 Minn. 75. This doctrine, which differs radically from estoppel by verdict, if applied here, would prevent the defeated party in ejectment from having re-examined, not only those issues of law and fact which were actually examined upon the first trial, but also all those which might have been examined. Berryhill v. Peabody, 77 Minn. 59. The logical result of the application of this doctrine is to make a second trial nugatory both as to the facts and as to the law, and to repeal the statute. Hammond v. Carter, 161 Ill. 621, 628. Our court has not at any time applied this doctrine to an ejectment on statutory second trial, and there is no room for its application. But even the doctrine of second appeal is not here applicable. The ruling of the court has since been reversed in Sheldon v. Brown, 72 Minn. 496, and Terry v. Moran, 75 Minn. 249. See Cluff v. Day, 141 N. Y. 580; Central v. Shoup, 28 Kan. 394; Hamilton v. Marks, 63 Mo. 167, 172; Bird v. Sellers, 122 Mo. 23.

The mortgages were co-ordinate. The former decision has been overruled. Sheldon v. Brown, supra; Terry v. Moran, supra. The decision on the first appeal that these became successive mortgages, through the prima facie priority of registration evidenced by the document numbers, is not only at variance with the later Sheldon and Terry cases cited above; it is at variance with every decided case in other courts. 1 Jones, Mort. 566; Boone, Mort. 67; Greene v. Warnick, 64 N. Y. 220; Lampkin v. First, 96 Ga. 487; Cain v. Hanna, 63 Ind. 408; Collerd v. Huson, 34 N. J. Eq. 38, and note; Stanbrough v. Daniels, 77 Iowa, 561, 566; Rhoades v. Canfield, 8

Paige, 545; Gausen v. Tomlinson, 23 N. J. Eq. 405; Vredenburgh v. Burnet, 31 N. J. Eq. 229; Stafford v. Van Rensselaer, 9 Cow. 316; Van Aken v. Gleason, 34 Mich. 477; Koevenig v. Schmitz, 71 Iowa, 175. G. S. 1894, § 4180, only gives priority to a subsequent deed or instrument which is placed of record before a prior one. And even then the burden of proof is on one who claims priority to show absence of notice. There is no evidence that the mortgagees who had earlier document numbers, were without notice of King's mortgage. Palmer v. Yorks, 77 Minn. 20; Roussain v. Patten, 46 Minn. 308; Mead v. Randall, 68 Minn. 233; Nickerson v. Wells-Stone M. Co., 71 Minn. 230; Fritz v. Ramspott, 76 Minn. 489; Plymouth Cordage Co. v. Seymour, 67 Minn. 311, 317; Minor v. Willoughby, 3 Minn. 154 (225); Newton v. Newton, 46 Minn. 33; Hackney v. Wollaston, 73 Minn. 114.

The former appeal was decided on a mistake of fact. Other redemption rights had not been cut off when King redeemed. Plaintiff may contest the redemption. Its right is a valuable right,—to take the property unless a lawful redemption be made. And it may dispute the right of one who pays to the sheriff the true amount, and deny the redemption on the ground that the right to redeem does not exist. New England Mut. Life Ins. Co. v. Capehart, 63 Minn. 120; Lowry v. Akers, 50 Minn. 508; Hughes v. Olson, 74 Minn. 237; Roberts v. Meighen, 74 Minn. 273.

*Harlan P. Roberts* and *John H. Long*, for respondents.

The former decision is the law of the case. When parties have submitted to the supreme court certain facts and asked for a decision of the law thereon, as between those parties and upon those facts the decision as to the law is final. City v. Foxworthy, 34 L. R. A. 321, 326, note and cases cited; Wells, Res. Adj. 569, et seq.; 2 Enc. Pl. & Pr. 373, 376; Semple v. Anderson, 9 Ill. 546; Stacy v. Vermont, 32 Vt. 551; Lee v. Stahl, 13 Colo. 174; Sanger v. Merritt, 131 N. Y. 614; Washington Bridge Co. v. Stewart, 3 How. 413; Meyer v. Shamp, 51 Neb. 424. See also Roberts v. Cooper, 20 How. 467; Dodge v. Gaylord, 53 Ind. 365; Himely v. Rose, 5 Cranch, 313; Martin v. Hunter's Lessee, 1 Wheat. 304; The Santa Maria, 10 Wheat. 431; Browder v. M'Arthur, 7 Wheat. 58; American Ins. Co.

v. Canter, 1 Pet. 511; Ex parte Sibbald v. U. S., 12 Pet. 488; President v. Beverly, 1 How. 134; Corning v. Troy Iron & N. F., 15 How. 451; Sizer v. Many, 16 How. 98; In re Sanford Fork & T. Co., 160 U. S. 247; Emory v. Owings, 3 Md. 178; Preston v. Leighton, 6 Md. 88; Hammond v. Inloes, 4 Md. 138; Eyler v. Hoover, 8 Md. 1; Brown v. Sumerville, 8 Md. 444; Mong v. Bell, 7 Gill (Md.) 244, 246; Cumberland v. Sherman, 20 Md. 117; Dewey v. Gray, 2 Cal. 374; Clary v. Hoagland, 6 Cal. 685; Gunter v. Laffan, 7 Cal. 588; Soule v. Ritter, 20 Cal. 522; Leese v. Clark, 20 Cal. 387; Phelan v. City, 20 Cal. 39; Mitchell v. Davis, 23 Cal. 381; Trinity v. McCammon, 25 Cal. 117; Lucas v. City, 28 Cal. 591; In matter of Pacheco, 29 Cal. 224; Parker v. Pomeroy, 2 Wis. 112; Downer v. Cross, 2 Wis. 371; Cole v. Clarke, 3 Wis. 323; Pierce v. Kneeland, 9 Wis. 23; Reed v. Jones, 15 Wis. 40; Ryan v. Martin, 18 Wis. 672; Akerly v. Vilas, 24 Wis. 165; Wright v. Sperry, 25 Wis. 617; Noonan v. Orton, 27 Wis. 300; McLeod v. Bertschy, 34 Wis. 244; Du Pont v. Davis, 35 Wis. 631; Adams v. Pearson, 7 Pick. 341; Booth v. Com., 7 Metc. (Mass.) 285; Craig v. Bagby, 1 T. B. Mon. 148; Tribble v. Frame, 3 T. B. Mon. 51; Moss v. Rowland, 3 Bush, 505; President v. Groff, 14 S. & R. 181; Gratz v. Lancaster, 17 S. & R. 278; Simpson v. Hart, 1 Johns. Ch. 91; Gelston v. Codwise, 1 Johns. Ch. 188, 195; Perine v. Dunn, 4 Johns. Ch. 140; Wilcox v. Hawley, 31 N. Y. 648; Goodrich v. Thompson, 4 Day, 215; Nichols v. City, 27 Conn. 459; Jesse v. Cater, 28 Ala. 475; Maulden v. Armistead, 30 Ala. 480; Goodman v. Walker, 30 Ala. 482; Hollowbush v. McConnel, 12 Ill. 203; Hallissy v. West Chicago, 177 Ill. 598. The Minnesota decisions upon the law of the case are found in Johnson v. N. W. Tel. Ex. Co., 54 Minn. 37; Tilleny v. Wolverton, 54 Minn. 75; Ayer v. Stewart, 16 Minn. 77 (89); Cochran v. Stewart, 57 Minn. 499, 509; Bradley v. Norris, 67 Minn. 48.

LEWIS, J.

This is an action in ejectment, and involves a review of the second trial secured by plaintiff under the statute. The decision upon the first appeal is reported in 72 Minn. 287, 75 N. W. 376, where will be found a statement of the facts. The trial court in the present action directed a verdict for the plaintiff upon the ground that this court in the former decision had determined the law of the case,

and that there were no questions of fact to submit to the jury. Plaintiff moved for judgment notwithstanding the verdict, and, if that be denied, for a new trial. Both motions were denied, and plaintiff appeals therefrom, and from the judgment entered thereon.

The first question presented by the appeal is this: In a second trial upon the same state of facts in an action in ejectment, taken under G. S. 1894, §§ 5845, 5846, does the decision in the former appeal control the second trial according to the doctrine of res judicata, or does such decision stand only upon the rule of stare decisis?

The question of the effect to be given to the decision in the first trial has never been passed upon by this court, and no case has been called to our attention, by any other court, which is directly in point. The opinion in Hammond v. Carter, 161 Ill. 621, 44 N. E. 274, considers the question to some extent. As stated in. the opinion in Somerville v. Donaldson, 26 Minn. 75, 1 N. W. 808, and in Kremer v. Chicago, M. & St. P. Ry. Co., 54 Minn. 157, 55 N. W. 928, the statutory provision for a second trial in ejectment was an effort to retain some of the privileges connected with the trial of title to real estate under the old common law. And, while there seems to be no tangible reason at this day for making an exception in this class of actions, the statute is clear; and, considering the history and purpose of the act, its natural and logical construction leads to the conclusion that the second trial should be, in the full sense, another trial. The application of the rule of res judicata would restrict the parties to such a narrow compass upon the second trial that it would practically annul the purpose of the statute in many cases. It is argued with much force that, where the facts are the same upon the second trial, there is no good reason why the first decision should not be considered as final. But even under such circumstances we think the parties should be at liberty to present the same facts a second time, and that the former decision should be considered merely as a precedent under the rule of stare decisis, to the same extent as though the case had arisen between different parties.

It follows, then, that the decision in this case upon the first trial must control unless it is shown to be unsound and should be overruled. Appellant contends for a reversal of the orders and judg-

80 M.—6

ment of the court below upon several grounds, two of which, only, require notice:

1. That the former holding that the eighteen mortgages executed by Long were separate and independent has been overruled in the case of Sheldon v. Brown, 72 Minn. 496, 75 N. W. 709, and by Terry v. Moran, 75 Minn. 249, 77 N. W. 777. While the opinion in the first trial of this case does not furnish any reason for the rule adopted, other than the provisions of the statute referred to, it is stated that numbers on the instruments are taken as prima facie evidence of priority, in the absence of any showing to the contrary. There is no occasion to review the cases referred to as overruling the former decision. We do not consider them in conflict. The former decision is based simply upon the proposition that, in the absence of any showing whatever as to the fact of priority, a redemption creditor may rely upon the record for prima facie evidence of priority, for the purpose of determining his redemption period. The fact that such creditor does rely upon such evidence, and files his notice accordingly, does not determine the actual fact. If the record does not state the true condition as to priority, the rights of the parties may be determined afterwards. In this case the appellant relies wholly upon the presumption that the eighteen mortgages were executed concurrently and are co-ordinate, without introducing a particle of evidence. It would be a serious matter for redemption creditors, if in the first instance they were compelled to go behind the record, and find out what in fact was the proper order of execution. The rule adopted is equitable, imposes no hardship upon any of the parties interested, and deprives no one of his privilege to show the facts.

2. We are asked to reverse the former decision for the reason that it was decided upon a mistake of fact, in this: that at the time King, the holder of the eighteenth mortgage, redeemed, the owners of the seventeenth mortgage had still three days' time within which they might redeem. ' It is true that the opinion states that, at the time King redeemed, each of the other seventeen prior mortgagees had lost his lien by failure to redeem, and that therefore King was not required to wait until the full period of his time. But, conceding that King redeemed too soon by three days, does it follow

that the person holding under the foreclosure sale can take advantage of it? In this case proper notice was given by King as a subsequent creditor, and within the time limited by the statute he paid the money. The words, "within five days after the time allowed all prior lien holders" (section 6044), are not to be taken strictly to mean that under no circumstances can a party redeem prior to the beginning of the five-day period. As between the parties seeking to redeem, each will be limited to the actual number of days, if their interests conflict. But this statute is for the benefit of redemptioners, and, so far as the party holding under the foreclosure sale is concerned, it is sufficient if the redemption be made not later than the last day fixed. It is immaterial to him if the money be paid in, as in this case. If any conflict arose by reason of redemption by one party within the time open to another, their respective rights may be adjusted between themselves.

Orders and judgment affirmed.