JOHN D. EDMONSTON v. ALBERT B. WILBUR and Others.[1]

December 21, 1906.

Nos. 14,957—(107).

**Priority of Record.**

Wolf v. Edmonston, supra, p. 241, 109 N. W. 233, followed as to the rule that when two mortgages on the same land, executed to different mortgagees, are filed for record at the same time by the common agent of the mortgagees, no instructions having been given, the priority of the liens is determined presumptively by the order in which the instruments are numbered by the register.

**Same—Mortgages.**

The fact that one mortgage is dated nineteen days prior to the other, and is for a greater amount, and the other covers an additional tract of land, does not conclusively prove that it was the intention of the agent to make the same a prior lien to the other mortgage, which was first recorded. The evidence is sufficient to sustain the finding of the court that the two mortgages in question were intended to be co-ordinate.

[1] Reported in 110 N. W. 3.

**Evidence.**

The facts that plaintiff's mortgage was many years overdue, that no interest had been collected or payment made, and no steps ever taken to foreclose the same, do not conclusively controvert the testimony of the mortgagee to the effect that it had never been paid, and the evidence is sufficient to sustain the finding of the court that such mortgage was not paid.

**Dismissal of Action.**

It was not error for the court to dismiss the action, with plaintiff's consent, as to defendants Burton.

Appeal by defendants Albert B. Wilbur, Sarah B. Wilbur, Anna E. Wilbur and Bessie Wilbur from an order of the district court for Clay county, Baxter, J., denying a motion for a new trial. Affirmed.

*Ira B. Mills* and *Ernest B. Mills,* for appellants.

*C. A. Nye,* for respondent Edmonston.

*Chas. S. Marden,* for respondents Burton and another.

LEWIS, J.

December 8, 1887, F. E. Briggs and wife, of Clay county, executed a mortgage for $2,200 to Rutledge Wilbur, upon the northeast quarter of section 26, township 137, range 47, Clay county; and the northeast quarter of section 2, township 136, range 47, in Wilkin county. December 27, 1887, the same parties executed a mortgage of $1,200 upon the same property, and also upon the south half of the southwest quarter of section 36, township 137, range 47, Clay county, to John D. Edmonston. December 26, 1887, the same parties executed to Edward R. Ruggles a mortgage of $600 upon the south half of the southeast quarter of section 36, included in the Edmonston mortgage. All of the parties to the transaction were represented by F. J. Burnham of Moorehead, the loans having been negotiated by him as agent for the three mortgagees. All of the mortgages recited that the premises were free from incumbrances, and they were all acknowledged before Burnham as notary public.

December 28, 1887, at 9 o'clock in the morning, the three mortgages were delivered together at the office of the register of deeds of Clay county, and were received by him, and numbered in the following order: The Ruggles mortgage, No. 1263, the Edmonston mortgage,

No. 1264, and the Wilbur mortgage, No. 1265, and were recorded in Clay county in Book 6 of Mortgages, the Ruggles mortgage at page 406, Edmonston mortgage at page 407 and the Wilbur mortgage at page 408.

The Edmonston mortgage was also recorded in Wilkin county December 29, 1887, at nine o'clock a. m., in Book 10 of Mortgages, page 364, and received in that office the docket number of 766. The Wilbur mortgage was recorded in Wilkin county on the same date, at nine o'clock in the morning, in Book 12 of Mortgages, page 48, receiving docket number 770.

The Ruggles and Wilbur mortgages were both foreclosed in 1891. In each case the premises were bid in by the mortgagee, and Edmonston was not made a party in the Wilbur foreclosure proceedings. The Wilburs have remained in possession of those premises ever since the foreclosure, and Ruggles has been in possession of the premises covered by his mortgage. This action was commenced by Edmonston to foreclose his mortgage, claiming the same to be a first lien upon the two quarter sections described. This claim was contested by the Burtons, who claimed under the Ruggles mortgage, contending that the action should be dismissed as to them, it appearing that plaintiff had no interest whatever in the eighty acres. The Wilburs claimed that the Wilbur mortgage was a first lien upon the two quarter sections. The trial court was of the opinion that the action should be dismissed as to the Burtons, but held that the Edmonston and Wilbur mortgages were coordinate, and that each was owner of an undivided one-half interest in the premises.

1. The trial court having found that the Edmonston mortgage had not been paid, we are unable to discover any evidence which justifies a reversal of that holding. There is a suspicious circumstance in the fact that the plaintiff allowed his mortgage to run for many years after it became due without the payment of interest, and without foreclosing his mortgage, but he testified that the mortgage never was paid, and the mere lapse of time and failure to collect interest is not conclusive that the debt was paid.

2. There are some strong circumstances to indicate that it was the intention to make the Wilbur mortgage a prior lien to the Edmonston mortgage, but there are also circumstances which strongly indicate a

purpose to make the Edmonston mortgage a first lien. While the Wilbur mortgage was dated nineteen days prior to the Edmonston mortgage, yet it was held in abeyance by Burnham, and the two were delivered together to the register of deeds for record, the Edmonston mortgage being numbered first, followed by the other. The presumption in such cases is stated in Wolf v. Edmonston, supra, p. 241, 109 N. W. 233: "When two mortgages on the same land, executed by a mortgagor or two different mortgagees, are filed for record at the same time by the common agent of the mortgagees, and no instructions are given, the priority of the liens is determined presumptively by the order in which the instruments are numbered by the register."

Applying this rule, in the absence of any other evidence, the Edmonston mortgage would be a first lien. Assuming that Burnham had no authority from Wilbur to take anything else than a first mortgage lien, conceding that the Wilbur mortgage was dated nineteen days earlier than the Edmonston mortgage, and that the Wilbur mortgage was for $2,200 upon one hundred sixty acres of land, whereas the Edmonston mortgage was for $1,200 upon the same one hundred sixty acres, and a second mortgage on an additional eighty, yet we are unable to say it conclusively appears that it was the intention of Burnham to make the Edmonston mortgage secondary to the Wilbur mortgage. Admitting that the trial court might reasonably have found that it was the intention to make the Wilbur mortgage a first lien, different inferences might be drawn from the facts, and we can find no ground for holding that the trial court was wrong in declaring the two co-ordinate.

3. At the close of the trial the court dismissed the action with plaintiff's consent as to respondents Burton, who claimed under the Ruggles mortgage, which was a first lien upon the eighty-acre tract. As already stated, the Ruggles mortgage was executed December 26, 1887, and was the first to be recorded, hence the presumption, arising from the record, is fortified by the time of its execution. It was foreclosed in 1891, and conceding that Edmonston had the right to redeem from such foreclosure, appellants Wilbur have no right of subrogation in this action. No such issue is made by the pleadings, and such a right, if it existed, could only have been enforced in a proper action brought by the Wilburs for that purpose.

Order affirmed.