## OSCAR LELAND v. MATT HEIBERG.[1]

June 1, 1923.

No. 23,425.

Redemption from foreclosure of mortgage by junior creditor.

1. If the attempt of a judgment creditor to redeem land sold on the foreclosure of a mortgage is ineffectual for any reason, another judgment creditor whose lien is subsequent in point of time may redeem, provided he does so within 5 days after the expiration of the time within which the mortgagor might have redeemed.

An officer of municipal court not authorized to serve summons out of district court.

2. A municipal court officer is not an officer authorized by law to serve a district court summons and cannot make proof of service by certificate.

[1]Reported in 194 N. W. 93.

**Default judgment not open to collateral attack when want of jurisdiction does not appear upon record.**

  3. A default judgment entered where such proof was defective is not void and cannot be attacked collaterally for want of jurisdiction not affirmatively appearing on the face of the record. It is the fact of service and not the proof thereof that gives the court jurisdiction.

**Finding as to assignment of judgment sustained.**

  4. A judgment recovered by the Fitger Brewing Company was assigned by The Fitger Company. The assignment designated the first named company as the assignor and recited that the corporate name had been changed to that of the last named company. The identity of the two companies was not in controversy and the court found that the judgment was in fact assigned to the assignee named therein. *Held* that the finding was supported by the evidence.

Action in ejectment in the district court for Koochiching county. The amended answer alleged that defendant was in possession of the premises described under color of title. The case was tried before McClenahan, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Jenswold, Jenswold & Dahle*, for appellant.

*J. J. Hadler*, for respondent.

LEES, C.

Action of ejectment tried by the court without a jury. The findings were in favor of defendant and plaintiff has appealed from the judgment entered after the denial of his motion for a new trial.

These are the facts: In 1913 John Heiberg acquired title to a quarter section of land in Koochiching county. In 1914 he mortgaged it for $1,000. The mortgage was foreclosed by advertisement, and on March 20, 1920, the land was sold in two separate parcels. Plaintiff is the owner of the sheriff's certificates of sale and, unless there has been a valid redemption from the sale, he became the owner of the land prior to the commencement of this action. March 20, 1921, fell on Sunday, and hence the year within which the mort-

gagor might have redeemed did not expire until the following day. Subdivision 21, § 9412, G. S. 1913. He failed to redeem and redemption was made or attempted by the defendant and by J. J. Hadler. The latter redeemed on March 21, as assignee of a judgment against John Heiberg and Mildred Heiberg recovered in the municipal court of the city of International Falls and docketed in the district court of Koochiching county on March 31, 1917. Hadler paid $2,094.24 to the sheriff, who immediately mailed to plaintiff a certified check for $2,087.24, the amount he was entitled to receive if redemption was made. The check was payable to plaintiff and he received it on March 25. He retained it until April 30, when he returned it to the sheriff with a letter in which he said: "There are several reasons why I do not want this check, among which are, as I have now learned, that you had no right to accept this money in redemption." Hadler received a certificate of redemption from the sheriff and it was duly recorded. It was shown that on August 23, 1920, plaintiff paid Olson $30, getting a receipt stating that the money paid the "John Heiberg claim" in full, but the court found specifically that Olson's judgment against John and Mildred Heiberg was not then paid.

October 2, 1917, the Fitger Brewing Company of Duluth recovered a judgment against John Heiberg in the district court of St. Louis county. It was for $530.99, was duly docketed, and a transcript thereof was duly filed and docketed in the district court of Koochiching county on October 4, 1917. In September, 1920, defendant procured an assignment of the judgment, filed it in the office of the clerk of the district court for St. Louis county on March 21, 1921, and filed a certified copy in the office of the clerk of the district court for Koochiching county on March 22, 1921. On March 26 he redeemed under the judgment so assigned, and received a certificate of redemption, which was duly recorded.

The trial court concluded that each redemption was valid and so gave judgment against the plaintiff.

The purchaser at a foreclosure sale has the right to acquire absolute title unless redemption is made by one entitled to redeem, and hence he may question a judgment creditor's right to redeem by

attacking the judgment. Hughes v. Olson, 74 Minn. 237, 77 N. W. 42, 73 Am. St. 34. Plaintiff attacks the Hadler redemption, claiming that the Olson judgment was paid, that it was not properly docketed, and that the assignment to Hadler was not properly filed. We find it unnecessary to determine whether the redemption was good or not. We doubt whether plaintiff is in a position to attack it. He retained the sheriff's certified check for more than one month. Clark v. Butts, 73 Minn. 361, 76 N. W. 199, seems to warrant the conclusion that by so doing he waived his right to question the validity of the redemption. It was there held that the return of the redemption money a week or more after it was received from the sheriff did not have the effect of rescinding the waiver which resulted from the acceptance of the money. Be that as it may, the fact remains that, if the Hadler redemption was a nullity, defendant's redemption was nevertheless made in time. If Olson was not a creditor having a lien on the land, neither was Hadler, and, therefore, defendant, as the assignee of the Fitger judgment, was the only creditor who could redeem after the mortgagor failed to do so. He redeemed on March 26, which was within 5 days after the expiration of the mortgagor's right to redeem. This he could do if Hadler failed to redeem or made an ineffectual attempt to redeem, as well as after Hadler had made a valid redemption. Todd v. Johnson, 50 Minn. 310, 52 N. W. 864; Connecticut M. L. Ins. Co. v. King, 72 Minn. 287, 75 N. W. 376; 80 Minn. 76, 82 N. W. 1103.

The validity of defendant's redemption is attacked on two grounds: (1) That the Fitger judgment was void because it was entered without filing due proof of the service of the summons; (2) that the assignment to defendant was insufficient because it was not executed by the Fitger Brewing Company, but by the Fitger Company.

The proof of service of the summons read thus:

"State of Minnesota,
"County of St. Louis. } ss.

"Joseph Vukelich, I hereby certify and return  *  *  *  being first duly sworn, upon oath deposes and says  *  *  *  that at the City of Virginia, in the said County and State, on the 7th day of Sept., 1917, he served the within summons and complaint upon John Heiberg, the defendant therein named, personally, by handing to and leaving  *  *  *  with said defendant, a true and correct copy thereof.                Joseph Vukelich,

"Municipal Court Officer,

"Virginia, Minnesota."

The proof was not in proper form. The summons in an action brought in the district court may be served by the sheriff of the county where the defendant is found or by any other person not a party to the action. Section 7730, G. S. 1913. A municipal court officer is not an officer authorized by law to serve a district court summons, hence he cannot make proof of service by his certificate. Proof must be made by affidavit as in the case of service by a private person. Section 7740, G. S. 1913. The proof is not in the form of an affidavit, and the conclusion follows that the record does not contain proper proof of service. The judgment recites that the summons had been duly served on the defendant, and it cannot be asserted that there was no service, for John Heiberg was a witness and testified that the summons was served either in the year 1917 or 1918. On defendant's default, judgment may be had on filing proof that the summons has been duly served and that no answer or demurrer to the complaint was received within the time allowed therefor by law. Section 7759, G. S. 1913. The contention that the judgment is void comes to this: The proof of service was bad, therefore the court had no jurisdiction to enter a default judgment.

It is the settled law of this state that the judgment of a domestic court of superior jurisdiction cannot be attacked collaterally for want of jurisdiction not affirmatively appearing on the face of the record; that absence from the record of the necessary jurisdictional

facts will not overcome the presumption of jurisdiction; that, where the record discloses that the summons was served in a manner which was ineffectual to confer jurisdiction, it will not be presumed that a valid service was made in some other way, and that a judgment is not void because it appears on the face of the record that it was entered irregularly or erroneously. 2 Dunnell, Minn. Dig. §§ 5139, 5141, 5145. In Gulickson v. Bodkin, 78 Minn. 33, 80 N. W. 783, followed in Hadley v. Bourdeaux, 90 Minn. 177, 95 N. W. 1109, and in Sodini v. Sodini, 94 Minn. 301, 102 N. W. 861, 110 Am. St. 371, it was held that the absence from the judgment roll of papers which ought to have been included is not enough to make it affirmatively appear that the court had no jurisdiction, and that the rule that jurisdiction is presumed obtains where the record is silent upon the jurisdictional facts, as well as when it affirmatively states or recites them. Under this rule, if proof of service of the summons was wholly absent from the record in the Fitger case, jurisdiction would nevertheless be presumed. Defective or insufficient proof of service is no worse than an entire lack of such proof. The fact of service, not the proof thereof, gives a court jurisdiction. Lovin v. Hicks, 116 Minn. 179, 133 N. W. 575.

If the return shows anything at all, it shows that the service on Heiberg was good, not that it was bad. The service was not faulty, but the proof was. The jurisdiction acquired by service of the summons is not lost because there is no proof, or insufficient proof, of the fact of service. For these reasons we conclude that the Fitger judgment was not void and is not open to a collateral attack by plaintiff.

Names are used for the purpose of identifying persons. Hence identity of name is prima facie evidence of identity of person. Horning v. Sweet, 27 Minn. 277, 6 N. W. 782; Morris v. McClary, 43 Minn. 346, 46 N. W. 238. There are cases in which it has been held that mere similarity of names may warrant an inference of identity of person. Note to Huston v. Graves, 5 A. L. R. 431; 2 Chamberlayne, Mod. Law of Evid. § 1187. Haney v. Gartin, 51 Tex. Civ. App. 577, 113 S. W. 166, is such a case. Land was devised to Mary E. Newlin. Subsequently it was conveyed by a deed executed by Mary E. Kurtz.

The deed recited that Mary E. Kurtz was formerly Mary E. Newlin. It was held that there was partial identity of name and that the recital in the deed was sufficient to show, in the absence of controverting evidence, that the devisee and the grantor were one and the same person and that a court might infer that the change in surname was brought about by marriage. Chamblee v. Tarbox, 27 Tex. 139, 144, 84 Am. Dec. 614, and Dowdy & Robuck v. McArthur, 94 Ga. 577, 21 S. E. 148, are to the same effect. This court has held that if the true owner conveys by any name, the deed as between the grantor and grantee will transfer title (Wakefield v. Brown, 38 Minn. 361, 37 N. W. 788), and that a deed describing the grantors as the heirs of a deceased owner may be prima facie evidence that they are the persons thus described. Blomberg v. Montgomery, 69 Minn. 149, 72 N. W. 56.

The assignment of the judgment designates the Fitger Brewing Company as the assignor and recites that the corporate name was changed to The Fitger Company on or about May 18, 1918. There is a similarity of name. The identity of the two companies was not controverted. The court found as a fact that the judgment was assigned to defendant. We think the finding is sufficiently supported by the facts and circumstances above mentioned.

A learned and interesting discussion of the subject of how names originated and what the common law doctrine was with respect to a change of name may be found in Smith v. U. S. Cas. Co. 197 N. Y. 420, 90 N. E. 947, 26 L. R. A. (N. S.) 1167, 18 Ann. Cas. 701, and is the theme of a treatise on the law concerning names by Davis and Britton.

Judgment affirmed.