PETER FENDER, JR. v. FRANCES M. APPEL AND OTHERS.[1]

November 10, 1932.

No. 29,088.

[1]Reported in 245 N. W. 148.

*James A. Carley,* for appellant.
*Christensen & Ronken,* for respondent.

HILTON, J.

Appeal from a judgment decreeing the foreclosure of two real estate mortgages held to be coördinate, neither having priority over the other.

On April 1, 1918, Frank J. Appel and his wife were the owners of 200 acres of land consisting of contiguous tracts. On that date they borrowed from the Plainview State Bank $15,500. The debt was evidenced by two promissory notes, one for $8,000, the other for $7,500, payable in five years with interest at six per cent per annum. To secure the payment of the $8,000 note the owners made, executed, and delivered to the bank a mortgage on the 200 acres; to secure the payment of the $7,500 note a similar mortgage was given on 160 acres of the said land. Each note bore date April 1, 1918, as did each mortgage and the acknowledgment thereof. All were delivered at the same time. Both mortgages were recorded in the office of the register of deeds on April 3, 1918, at 11 o'clock a. m. It does not appear in what manner they were delivered to the register of deeds. He assigned No. 45709 to the $7,500 mortgage and No. 45710 to the $8,000 one. The former was recorded in book 38 of mortgages on page 513; the latter on page 514 of that book. There is no evidence that any instructions as to the order in which they should be numbered or recorded were given.

The bank sold, transferred, and delivered, for full value, the $8,000 note and mortgage to respondent Fender, and the $7,500 note and mortgage to appellant Lamprecht; the former on July 16, 1919, and the latter on October 4, 1918. Written assignments of the mortgages were given by the bank to the respective parties;

that to Fender was recorded April 19, 1926, and the one to Lamprecht on October 17, 1918. Neither mortgage contained a reference to the other; each mortgage recited that the premises were free from encumbrances and warranted against such; neither Fender nor Lamprecht had at the time of purchase any actual knowledge of the existence of any mortgage on the premises other than the one being acquired. Each acted in good faith and supposed that a first and only mortgage was being purchased. Interest was paid on the $8,000 mortgage to April 1, 1929, and to April 1, 1930, on the other. No part of the principal of either has been paid. The bank became insolvent and was taken over by the commissioner of banks for liquidation on March 4, 1925.

No action or proceeding was instituted for the recovery of the amount due and unpaid on either of said notes or mortgages until respondent Fender commenced this action in April, 1931, to foreclose his mortgage. Lamprecht answered, asking for the foreclosure of the $7,500 mortgage as a first lien and superior to that of Fender. The other defendants, successors in interest of the deceased mortgagors, failed to answer. The case was tried to the court. Upon the evidence it found among other things that the mortgage owned by Fender and that owned by Lamprecht were coördinate and that neither had priority over the other. In its conclusion of law judgment was ordered for the sale of the premises in such a manner as would effectuate the coördinate standing of the mortgages. From the judgment so entered Lamprecht appealed.

G. S. 1923 (1 Mason, 1927) § 895, provides:

"Every register shall indorse plainly upon the top of the back, when folded, of each instrument received by him for record or filing, as soon as received, a number consecutive to the number affixed to the instrument next previously received, and shall enter such number as a part of the entry relating to such instrument in all the indexes kept in his office, and on the margin of the record of the instrument, and such number shall be prima facie evidence of *priority of registration.* If more than one instrument shall be

received at the same time, by mail or other like inclosure, the register shall affix such number in the order directed by the sender, and, if no direction be given, then in the order in which the instruments actually come to his hand in opening the inclosures. * * *”

It is to be noted that this section is a direction to the register of deeds relative to the manner of recording instruments and only provides for "priority of registration." There is no priority of lien declared. However in Connecticut M. L. Ins. Co. v. King, 72 Minn. 287, 75 N. W. 376, 377, and id. (second ejectment case) 80 Minn. 76, 82 N. W. 1103, 1104, it was held that [72 Minn. 289] "in the absence of any showing to the contrary, we must hold that these mortgages take priority in the order in which they are numbered"; and [80 Minn. 82] "in the absence of any showing whatever as to the fact of priority, a redemption creditor may rely upon the record for prima facie evidence of priority, for the purpose of determining his redemption period." In those decisions the only question involved was as to the order in which various mortgagees were entitled to redeem from a foreclosure of a prior mortgage. A question such as we have here (priority of lien) was neither involved nor discussed.

In Wolf v. Edmonston, 99 Minn. 241, 109 N. W. 233, 116 A. S. R. 411, citing the Connecticut M. L. Ins. Co. case, 80 Minn. 76, 82, 82 N. W. 1103, the rule was stated to be that "when two mortgages on the same land, executed by a mortgagor to two different mortgagees, are filed for record at the same time by the common agent of the mortgagees, and no instructions are given, the priority of the liens is determined *presumptively* by the order in which the instruments are numbered by the register." And it was held that the evidence was not sufficient to overcome the statutory presumption.

In Edmonston v. Wilbur, 99 Minn. 495, 110 N. W. 3, where there were two different mortgagees, it was held that the evidence therein was sufficient to overcome the statutory presumption and to sustain the findings of the court that the two mortgages in question were intended to be coördinate.

The controlling factor in each of the above cases in 99 Minn. was the intention of the parties. In the Wolf and in the Edmonston cases a common agent acted for each mortgagee. He had full knowledge of the situation, as did the bank here. His intention in each case was determined from the evidence. The court in the instant case found that the two mortgages "are coördinate and neither has priority over the other." G. S. 1923 (2 Mason, 1927) § 8226, has no application to the facts here.

In Terry v. Moran, 75 Minn. 249, 77 N. W. 777, it was stated (syllabus):

"Two mortgages on the same land, but each to a different mortgagee, were dated the same day, executed and recorded at the same time, and both mortgagees were represented by the same agent. *Held,* on the evidence, the court did not err in finding that the mortgages were coördinate."

In Sheldon v. Brown, 72 Minn. 496, 498, 75 N. W. 709, 710, two chattel mortgages were involved. There it was held:

"Where two mortgages are executed contemporaneously, and without any agreement of the parties that one shall take precedence over the other, the liens are coördinate, and the two mortgagees become tenants in common of the mortgaged property in proportion to the amounts of their respective claims, and neither can gain any priority over the other by filing his mortgage first."

In 41 C. J. p. 550, § 499, it is stated:

"Where two mortgages on the same property are executed and delivered simultaneously, to parties having knowledge of each other's rights, and securing debts which stand on an equal footing, and there is nothing to show an intention of the parties that one mortgage should be preferred to the other, they are equal and concurrent liens, and the fact that one is recorded before the other does not give it priority."

Here the bank had knowledge of both mortgages, and its intention, as well as that of the mortgagors, was that the mortgages should be coördinate. The court in its memorandum stated:

"When two instruments that have been executed and delivered simultaneously are filed at the same time, one of them is necessarily recorded first. This fact, however, does not give the one so recorded priority over the other one because priority is determined by the intention of the parties." Citing Wolf v. Edmonston, 99 Minn. 241, 109 N. W. 233, 116 A. S. R. 411.

Counsel for appellant frankly concedes that such is the law of this state, but submits that there was no evidence from which the intention of the parties could be determined and that the statutory presumption as to priority still prevails.

In its memorandum the court refers to the presumption and states:

"It should not be allowed to prevail over any circumstance tending to show that the parties intended a different result. There is such a circumstance here. It is the warranty against other encumbrances. If one mortgage had been intended to be prior to the other, this effect would doubtless have been incorporated in one instrument or the other."

The court then concludes:

"It is therefore hard to escape the conclusion that the mortgagors intended to borrow a sum of money represented by the two mortgages and that the loan was made in the form of two mortgages for convenience in disposing of them, but without the intention of making one superior to the other. In any event the implications arising out of a warranty contained in each mortgage against other encumbrances must prevail over the kind of presumption that can arise out of one instrument having been assigned a number prior to that given to the other."

All the points advanced by counsel have been considered. The findings of the trial court were proper under the evidence, and the conclusions arrived at therefrom should stand. Upon the delivery of the mortgages to the bank each took effect—in accordance with the intention of the parties—at the same time. That intention was

that they should be coördinate. We hold that they were such and that neither had priority over the other.

Judgment affirmed.