JOHN C. HUNTER v. LUCY R. PORTER, HENRY E. PORTER, J. N. RICHEY and N. B. RICHEY, Appellants.

<div style="float:right;border:1px solid;">133  391<br>s141  503</div>

**Principal and surety:** DISCHARGE OF SURETY: INSTRUCTION. Under an alleged agreement that in case defendants should procure a mortgage from their co-defendant and assign the same to plaintiff they should be released from liability as sureties on a certain note of their co-defendant, an assignment of the mortgage made it in legal effect collateral securety for payment of the note irrespective of the question of defendant's release; and an instruction that it was defendant's contention that if they should assign the mortgage "to plaintiff as col-

lateral security" plaintiff would release them from liability as sureties on the note was not erroneous.

**Same:** EVIDENCE. Where the surety on a note given by the grantees of land contended, in a suit on the note, that he signed the same on condition that he should be released from liability if he procured a mortgage on the land from the grantees and assigned the same to the payee, a letter from the grantees to the payee of the note relating to the preliminary negotiations for the purchase of the land, was admissible, as showing the situation with reference to which the agreement between the parties was made.

**Evidence:** DECLARATIONS AGAINST INTEREST. The fact that an admission of continuing liability made by one surety is not admissible against another surety, is not ground for excluding it as a declaration against interest on the part of the one making it.

**Res judicata.** Where a grantee of land executed to his grantor a note for part of the purchase price, and to protect a surety on the note executed to him a mortgage on the land, which he assigned to the grantor in discharge of his obligation; it is held, in a suit to recover an installment of interest on the note, that a record showing a foreclosure of the mortgage, in which the decree simply declared a forfeiture without reciting a personal judgment or showing personal service on defendant, did not establish a prior adjudication releasing defendant from further personal liability.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

MONDAY, OCTOBER 22, 1906.

Rehearing Denied, Thursday, February 14, 1907.

ACTION to recover an installment of interest due on a promissory note. Judgment for plaintiff, and defendants appeal.— *Affirmed.*

*H. E. Porter, Baker & Ball,* and *M. J. Wade,* for appellants.

*Remley & Ney,* for appellee.

. McCLAIN, C. J.— In 1899 the defendants Porter, who are husband and wife, negotiated with plaintiff for the purchase of a tract of land, and, in order that the Porters might pay $2,000 of the consideration in cash, it was arranged that a deed should be made to them by the plaintiff, and that they should give a mortgage to another party for $2,200, and their note to plaintiff for $2,500, the balance of the purchase price, with the defendants J. N. and N. B. Richey as sureties. The Richeys, who are relatives of Mrs. Porter, consented to become sureties on this note, as they claim, only on condition that a second mortgage on the property should be given to them, and that plaintiff should accept an assignment of this mortgage in full discharge of their obligation. This action is to recover an installment of interest due on the $2,500 note, the principal of which was not yet due at the time the action was brought, and the defense on the part of the Richeys is that they had been released by the assignment to the plaintiff of their second mortgage, under an arrangement with the plaintiff, entered into, as already indicated, at the time the note was given. Mrs. Porter interposes the defense of a prior adjudication.

I. On the issue as to whether any arrangement releasing the Richeys from personal liability as sureties was ever made, evidence was introduced, and the finding of the jury was for the plaintiff. With reference to the determination of this issue, the principal error at law relied upon by counsel is in the giving of an instruction in which the court stated the contention of the Richeys to be that plaintiff had agreed that, if the Richeys would assign their second mortgage " to the plaintiff as collateral security," plaintiff would release defendants from all liability on the note on which they were sureties; and it is contended that the averment of the Richeys in this respect was that on the assignment by them to the plaintiff of their second mortgage plaintiff would release them from all liability. The distinction insisted upon by counsel seems to be

1. PRINCIPAL AND SURETY: discharge of surety; instruction.

this: That according to the pleadings the second mortgage was to be collateral security to the Richeys, and that on the assignment of this collateral security to plaintiff the Richeys would be released, while, under the instruction given by the court, the plaintiff was to take the assignment of the second mortgage as collateral security, which would imply, as counsel seem to think, a continuance of liability on the part of the Richeys. In other words, as counsel contend, the use of the term " collateral security," with reference to the second mortgage, was such as to indicate that after the assignment the second mortgage was collateral security for a continuing liability of the Richeys, while, according to the pleadings, the liability of the Richeys fully terminated on the making of the assignment. But we are of the opinion that there is no merit in this contention. After the assignment the second mortgage did become, in fact, according to the appellant's theory, collateral security in plaintiff's hands for the payment by the Porters of the $2,500 note; for it was not direct security given to the plaintiff for that note, but only security primarily given to the Richeys, and in the hands of plaintiff by assignment it would, therefore, necessarily become collateral security for the obligations of the Porters on such note. Counsel for appellants do not seriously contend that this was not the legal effect of the transaction, but they ingeniously argue that the jury might be misled by this phraseology of the court in stating the note transaction as claimed by the Richeys. If, however, the court did state the transaction according to its legal effect, we cannot see how error can be predicated on the language of the instruction; and, in view of the instructions taken as a whole, we cannot see how there was any possibility that the jury should fail to understand that, if there was an arrangement by which the Richeys were to be discharged on the assignment of their mortgage to plaintiff, no verdict should be rendered against them. The court was not pretending to state the language which it was claimed had been used in making the arrangement, but

the legal effect of such arrangement, if made.    The assignment of the second mortgage by the Richeys to plaintiff was in these words:   " To secure the payment of the Promissory Note, dated May 15th, 1899, at Lone Tree, Iowa, payable to John C. Hunter or order, for $2,500, interest six per cent. per annum until paid, and signed by us as sureties thereon, we hereby assign to said John C. Hunter, our right, title and interest in and to the within mortgage.    J. N. Richey, N. B. Richey."    In legal effect the second mortgage by this assignment became collateral security to the plaintiff for the payment of the note, whether the Richeys were released by such assignment from further liability or not.

II.  A letter of Mrs. Porter to the plaintiff, written in connection with the prelimanary negotiations for the purchase of the land, was introduced in evidence over the objection of the Richeys, and it is claimed that there was error in overruling the objection, for the reason that nothing said by Mrs. Porter would be binding on the Richeys.    But as showing the situation with reference to which the agreement between plaintiff and the Richeys was made, we think the letter was admissible. Henry E. Porter, as a witness for the defendants, had referred in his testimony to the fact that such a letter had been written.    We think the letter might very properly be considered for what it was worth.    Certainly there was not prejudicial error in the admission of the letter, and the jury under the instructions could not have thought that the statements of Mrs. Porter were in any way binding upon the Richeys.    Confessedly, at the time this letter was written, there had been no negotiations between plaintiff and the Richeys with reference to their becoming sureties on the note.

2. SAME:
evidence.

- III. It is further urged that there was error in admitting over defendant's objection the testimony of one Andrew Hunter, the son of plaintiff, with reference to a conversation

between him and J. N. Richey, in which the latter admitted

**3. EVIDENCE: declaration against interest.**

his continuing liability as surety after the assignment of the second mortgage to plaintiff. It is true that this admission, if established, would not bind N. B. Richey, but it was certainly competent as to J. N. Richey, not by way of impeachment, but simply as a declaration against interest, and to be considered by the jury in connection with his testimony given in his own behalf. If this declaration was admissible as against himself, the fact that it would not be competent as against N. B. Richey would not be a ground for excluding it from the jury. We find no error in the case relating to the submission to the jury of the question whether the Richeys had been released from their liability on the note as sureties.

IV. On behalf of the defendant Mrs. Porter it is contended that there was a previous adjudication as to her liability on the $2,500 note. Counsel do not point out what

**4. RES JUDICATA.**

the error of the court was in this respect, but from the pleadings it appears that Mrs. Porter specifically pleaded a prior adjudication, and evidence was taken on that issue, and that the court directed a verdict in plaintiff's favor as against Mrs. Porter, thereby holding that there was no prior adjudication. There is not the slightest doubt in our minds as to the correctness of this ruling. The prior adjudication relied on was a decree of foreclosure of the second mortgage on default in the payment of taxes in the sum of $26.61, which by the terms of the mortgage authorized the mortgagee to declare " the whole of said mortgage due and unpaid " on such default. Such decree was rendered in an action brought by plaintiff as assignee of the second mortgage to foreclose the same as to the total indebtedness evidenced by the note. The only evidence as to what was determined in such action consists of the petition, the decree, and the entry in the judgment docket. In the petition no personal judgment against the defendants in the

action was asked, and, while the entry in the docket recites a judgment against Lucy R. Porter and Henry E. Porter for the full amount of the note, the decree simply declares a foreclosure and orders a special execution, and does not recite any personal judgment against the defendants thereon.

Taking the whole record together, there is no evidence that any personal judgment against Mrs. Porter was ever entered, nor is there any recital in the decree nor showing otherwise that personal service was had on Mrs. Porter. · It must be borne in mind that in this foreclosure proceeding plaintiff, Hunter, was suing as assignee of the Richeys, who were liable only as sureties. Had there been no assignment, the Richeys could have foreclosed as against Mrs. Porter only for such portion of the indebtedness as they might have been compelled to pay. The principal and interest specified in the note were not yet due, and clearly the Richeys could not on the payment of taxes foreclose for the entire amount of the note and interest, which they had not yet been called upon to pay. Under the record we are clear that the foreclosure by Hunter as assignee of the Richeys was in effect a proceeding *in rem* only for default in paying the sum of $26.61, and that the balance of the sum realized on execution was applied as a credit on the note which was not yet due. But whether or not Hunter as assignee of the Richeys might declare the principal of the note to be due on account of the default in the payment of taxes, in the absence of evidence that Mrs. Porter was a party to this foreclosure proceeding, either by personal service or by appearance, she cannot rely upon the foreclosure as relieving her from further personal liability. We need not, therefore, discuss the question whether, if she had been made a party, the foreclosure without the rendition of personal judgment against her would estop the plaintiff from subsequent proceedings to secure such personal judgment. The trial court gave the Porters credit on the note for the amount realized in the foreclosure proceeding, and rendered judgment against Mrs. Porter for an

installment of interest on the balance due under the terms of the note, and Mrs. Porter certainly has made no legal defense as against such judgment.

The judgment of the trial court on the pleadings and evidence as against Mrs. Porter, and on the verdict of the jury as against the defendants Richey, is therefore *affirmed*.