JOHN C. HUNTER, Appellee, v. LUCY R. PORTER and J. N. RICHEY, Appellants.

**Mortgages:** FORECLOSURE: SUBSEQUENT ACTION ON NOTE: ADJUDICA-

1 TION. Defendant gave plaintiff a note containing no provision by which the payee might declare it due before maturity, and gave the surety on the note a mortgage to secure him against liability which did provide that in case of default in payment of the note, interest or taxes the whole amount might be declared due. The surety assigned the mortgage to the payee of the note who foreclosed for the full amount for which the surety was liable. *Held,* that as the mortgage did not authorize the payee to declare the note due prior to its maturity the foreclosure of the mortgage was not an adjudication of the right to sue on the note after its maturity.

**Same.** The determination by the Supreme Court in an action

2 for interest on a note, that a judgment in a prior action was not an adjudication that the note was due, is binding in a subsequent action on the note after its maturity, whether right or wrong.

*Appeal from Johnson District Court.*—HON. O. A.
BYINGTON, Judge.

WEDNESDAY, MARCH 10, 1909.

THIS is an action for balance due on a promissory
note against Lucy R. Porter, as principal, and J. N.
Richey as surety. The defense is a plea of prior adjudi-
cation in a previous action. Judgment for the plaintiff.
The defendants appeal.—*Affirmed.*

*Wade, Dutcher & Davis,* for appellants.

*Milton Remley,* for appellee.

EVANS, C. J.—The plaintiff brought this action on
August 30, 1905, upon the following promissory note:
"2500.00. Lone Tree, Iowa, May 15, 1899. Six years
after date, or at the close of any intervening year, at the
option of the principals, we or either of us promise to pay
to the order of John C. Hunter the sum of two thousand
and five hundred dollars for value received, with interest
from date, at the rate of six percent, payable annually till
paid. Henry E. Porter, Lucy R. Porter. J. N. Richey,
Surety. N. B. Richey, Surety."
In his petition the plaintiff conceded to the defend-
ants a credit of $1,420.04 as of August 4, 1900, being the
proceeds of sale of certain mortgaged property, and the
further credit of $322.67, already in judgment under date
of March 9, 1905, for delinquent interest. The defendants
admitted the execution of the note, and pleaded a prior
adjudication as a complete defense. To the answers of
the defendants the plaintiff filed a reply. These answers
and the reply are based wholly upon the pleadings of record
in previous cases, and are quite voluminous. The case was
tried in the court below on demurrer. A brief history of

the prior litigation between the parties, and upon which the defense of the prior adjudication is based, can be set forth more concisely than a formal statement of the pleadings. The note in suit was executed by the defendant Lucy R. Porter and her husband as principals, and by the Richeys as sureties, as indicated on the face thereof. On or about the same date Mrs. Porter and her husband executed to the Richeys a real estate mortgage for $2,500 to secure them against loss by reason of their suretyship. Whether a note was given with the mortgage as a part of the form of security does not appear from this record. The consideration stated in the mortgage was "$2,500 in hand paid by J. N. Richey and N. B. Richey." The mortgage also stated that it was given for the purpose of securing the Richeys from loss by reason of their signing the note in question, and that it should be void upon payment of such note by the Porters. It also contained this provision: "Default in payment of principal or interest on any note or taxes on the land before delinquent, or failure to keep the buildings insured, as hereinafter stipulated, makes the whole amount of principal and interest due at the option of the holder." Some time later the Richeys assigned to Hunter all their right, title and interest in said mortgage as security for the payment of the note in question. The mortgage in question was a second mortgage, being made subject to a mortgage of $2,200 on the same real estate. In April, 1900, the mortgagors defaulted in the payment of taxes on the mortgaged real estate, and allowed such taxes to become delinquent. April 6, 1900, the plaintiff, Hunter, paid such delinquent taxes, amounting to $26.21. Thereupon he declared the mortgage due under the provisions above quoted, and commenced foreclosure proceedings. In such foreclosure action Lucy R. Porter and a number of junior lienholders were all named as parties defendant, but the proceedings purported to be wholly *in rem,* and no personal judg-

ment was asked nor obtained against any defendant. The foreclosure petition contained a statement that the plaintiff "now exercises his option as holder of said mortgage under the stipulation therein contained to declare the whole of said mortgage due and unpaid." There was a decree of foreclosure, foreclosing such mortgage for the full amount for which the Richeys were surety, and for the further sum of $26.21, taxes paid, and decreeing the lien of the mortgage to such extent to be prior and superior to all claims or liens of the various defendants. Special execution was ordered against the mortgaged premises for the amount of the lien so established. In pursuance of this decree execution was issued against the mortgaged premises, and the same was sold at sheriff's sale. The amount realized from such sale was $1,420.04, which was applied as a credit upon the note in question on August 4, 1900. On November 7, 1901, the plaintiff brought an action against all the makers of the note to recover past-due interest, averring that they had failed to pay the same. This cause did not come to trial until February 27, 1904, at which time judgment was rendered in favor of the plaintiff in the sum of $322.67. From that judgment an appeal was taken to this court, where the judgment was affirmed. See *Hunter v. Porter,* 133 Iowa, 391. After the maturity of the note in accordance with its terms, and on August 30, 1905, the plaintiff commenced this action at law to recover the balance due. The defense of prior adjudication is twofold: First. It is contended that the foreclosure proceedings furnished to plaintiff his day in court; that he elected at that time to declare his note due, and, having done so, he was entitled then to his full remedy; that he is therefore barred from maintaining another action. This defense was also set up by the defendant Lucy Porter in the second suit, namely, the suit begun November, 1901, for delinquent interest, and the holding of the court was adverse to such defense in that suit.

Second. It is further contended that if the foreclosure suit did not constitute a prior adjudication, then in any event the second suit, brought to recover delinquent interest, did constitute such prior adjudication, in that the plaintiff could have obtained judgment in that suit for the principal, as well as for the interest. In his reply to the answer the plaintiff contends that the defendants may not again plead the foreclosure suit as a prior adjudication, because that question was fully adjudicated against them in the second suit. It is also contended that the plaintiff's principal note was not due until the expiration of six years from its date, and that it contained no provision authorizing the holder thereof to declare it due for any cause, and that the plaintiff did not in fact declare it to be due, and that he could not have maintained an action upon it at any time prior to its maturity according to its terms. This, in brief, presents the issues between the parties.

I. The contract between the plaintiff and the makers of the note was represented by the note alone. This note contained no provision authorizing the plaintiff to declare

1. MORTGAGES: foreclosure: subsequent action on note: adjudication.

it due for any cause whatsoever. It did contain a provision whereby the principal maker of the note could declare it due at the expiration of any year. The mortgage was a contract between the Porters and the Richeys alone; Hunter was not a party to that. At the time of its execution, and while it was held by the Richeys as mortgagees, it is manifest that it did not confer power upon Hunter to declare his note due for any cause prior to six years from its date. The assignment of the mortgage was a contract between the Richeys and Hunter; the Porters were not parties to that contract. It seems plain, therefore, that such assignment could not confer power upon Hunter to declare his note due. The only effect of such assignment was to confer upon Hunter the same rights under such mortgage as the Richeys themselves could exercise. This seems to

have been the theory upon which plaintiff proceeded in the foreclosure of his mortgage. He declared the mortgage due for default in payment of taxes. This the Richeys could have done. He did not declare his note due. This the Richeys could not have done. If the plaintiff had declared his note .due, and the makers had assented thereto, such an act would doubtless have been effective as a new contract, but nothing of this kind occurred. We are unable, therefore, to see upon this record that there was ever a time when the plaintiff was legally entitled to call his note due and to demand personal judgment thereon against any maker. The incongruity of this case rests upon the fact that the foreclosure of the mortgage and the sale of the property thereunder had the practical effect of a collection of the debt to the amount realized from the sale of the mortgaged property. It may be that the original decree in the foreclosure suit was erroneous, in that it granted to plaintiff more relief than he was entitled to under the conceded facts as they existed at the time. The decree was not appealed from, and we will not take the occasion to review it now. Certain it is that if the default in payment of taxes had occurred while the Richeys held the mortgage, they would have been entitled to pay the taxes and declare the mortgage due, and to foreclose it and to obtain some relief, even in advance of paying the debt for which they were surety. Under some circumstances courts of equity permit a surety to foreclose a mortgage given for his security, and to apply the proceeds upon the payment of his principal's debt. *Meeker v. Waldron,* 62 Neb. 689 (87 N. W. 539); *Gribben v. Clement,* 141 Iowa, 144. Ordinarily that can only be done when the principal maker is insolvent. Be that as it may, we have no occasion to defend the correctness of the original foreclosure decree. Indeed we are inclined to be skeptical of its correctness under the facts as they now appear to have existed at that time. But a controlling fact

for the purpose of this case is that we can discover no power conferred upon Hunter to declare his note due without the consent and acquiescence of the makers thereof.

II.    There is a further conclusive reason to our minds why this defense is not now available to the defendants. Defendants' theory of prior adjudication is based upon the proposition that the plaintiff declared his note due in the foreclosure suit, and that it thereby became due and suable then and there.    The proposition necessarily became the basis of the plea. of prior adjudication set up in the second suit, namely, the suit for interest begun November, 1901.    That case came to this court on appeal.    The affirmance here of the judgment below was predicated in large part upon the proposition that the plaintiff's note was not due.    This question was therefore adjudicated in that case, and we would be bound by it even though we were now otherwise convinced.

2. SAME.

We think the judgment of the lower court was right, and it is therefore *affirmed*.