## MICHAEL C. BRADY v. ADAM GILMAN.[1]

November 17, 1905.

Nos. 14,522—(102).

**Redemption from Foreclosure Sale.**

The plaintiff filed a notice of his intention to redeem from a mortgage foreclosure sale as a judgment creditor, but his judgment was not docketed until four hours after his notice was filed. He attempted to redeem by virtue of such notice. *Held*, that he was not entitled to redeem, and his attempt to do so was void.

**Fractions of a Day.**

The legal fiction that there are no fractions of a day has no application to cases where the statute expressly requires that notice shall be taken of the precise time an official act is done and that a record thereof be made.

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered purusant to the findings and order of Holt, J. Affirmed.

*Chas. E. Bond* and *M. C. Brady,* for appellant.

*A. C. Middelstadt,* for respondent.

[1] Reported in 104 N. W. 897.

START, C. J.

Action of ejectment. Trial by the court without a jury. The district court of the county of Hennepin, in which the action was pending, as a conclusion of law based upon its findings of fact, directed judgment on the merits for the defendant. It was so entered, and the plaintiff appealed from the judgment.

The question for our decision is whether the conclusion of law and judgment are supported by the findings of fact. The short facts found by the court are these: On October 7, 1903, the premises in question were duly sold on the foreclosure by advertisement of a mortgage, which was the first lien thereon, to Nathan M. Barnes, mortgagee. On October 1, 1904, another mortgage on the premises, which was the second lien thereon, was duly made to the defendant herein, and duly recorded on October 5, 1904. On the next day the defendant filed a notice in due form and substance of his intention to redeem as such mortgagee the premises from the sale on the foreclosure of the first mortgagee. No redemption was made by the mortgagors, and on October 12, 1904, the defendant as such junior mortgagee redeemed the premises from the foreclosure sale. The usual certificate of redemption was issued to him and duly recorded on the same day. On October 6, 1904, the plaintiff secured from one of the mortgagors in the first mortgage a confession of judgment in his favor in the sum of $25, and in the afternoon of that day and before 12:20 o'clock delivered it to the clerk of the district court and requested him to enter and docket it forthwith, which the clerk promised to do. There is no showing at what hour of the day last named the judgment was entered in the judgment book in the clerk's office; but the judgment docket does show that the plaintiff's judgment was not docketed until the hour of five o'clock of that day. On the same day, and at the hour of one o'clock p. m., the plaintiff filed in the office of the register of deeds a notice in proper form stating his intention as a judgment creditor to redeem the premises from the foreclosure sale. On the following October 17 the plaintiff attempted to redeem the premises as such judgment creditor, and did all things necessary to make a valid redemption, save and except that the only notice of his intention to redeem was one filed four hours before his judgment was docketed. Thereupon the usual certificate of redemption was made and delivered to the plaintiff, which

was recorded the next day. On March 15 following, on application of the plaintiff and consent of the judgment debtor, the district court of the county of Hennepin ordered the clerk to amend the docket entry so as to show that plaintiff's judgment was docketed at 12:30 o'clock p. m. October 6, 1904, and, further, that the judgment, after such change is made in the record, shall have the same force and effect as. if it had been docketed at 12:30 o'clock p. m., provided that the rights. of third persons shall not be affected by the order.

Was the plaintiff's attempted redemption of the premises valid? This. is the sole question presented by the record, and we answer it in the negative. The attempted amendment of the docketing of the plaintiff's judgment is not relevant here, for the rights of the defendant were not affected by the action of the court to which he was not a party. Every clerk of the district court is required to keep a docket, in which he shall enter alphabetically the name of each judgment debtor, the amount of the judgment, and the precise time of his entry. G. S. 1894, § 861. The judgment becomes a lien on the unexempted land of the judgment debtor only from the time of so docketing it. G. S. 1894, § 5425. A creditor having a junior lien, legal or equitable, on mortgaged premises, may redeem from a foreclosure sale thereof, provided he files notice of his intention to do so within the year allowed for redemption. G. S. 1894, § 6044. It is a condition precedent to the exercise of the right of such creditor to redeem that he file a notice of his intention to do so, and to entitle him to give the notice he must have a lien on the premises at the time he files his notice. Therefore a notice of an intention so to redeem, filed by an intended redemptioner before he is in fact a lien creditor, is void, even though by the docketing of his judgment he afterwards becomes such creditor before the year to redeem expires. Maurin v. Carnes, 71 Minn. 308, 74 N. W. 139.

The plaintiff contends that the trial court found that there was no evidence showing at what hour the judgment was docketed, and does not find that it was not docketed until the hour of five o'clock p. m. What the court did find was that there was no evidence showing at what time the judgment was entered in the judgment book, but that the docket book did show that the judgment was not docketed until five o'clock p. m. The clerk was required by law to enter the precise

time of the docketing, and he is presumed to have done his duty. The necessary inference from the finding is the ultimate fact that the judgment was not docketed until the hour named.

It is also urged on behalf of the plaintiff that the defendant cannot question the validity of the redemption, for the reason that all he was entitled to was the amount paid by him to redeem from the mortgage foreclosure sale and the amount of his own lien, with interest, all of which was paid by the plaintiff to the sheriff when he attempted to redeem. Such is not the law, for the defendant by his redemption was subrogated to the rights of the purchaser at the foreclosure sale, and thereby obtained the right to acquire the absolute title to the premises, unless redeemed within the time allowed by law by one having the legal right so to do. Hughes v. Olson, 74 Minn. 237, 77 N. W. 42.

The last contention of the plaintiff to be considered is that the law does not take notice of fractions or parts of a day; hence the judgment must be deemed to have been docketed at the time the notice of intention to redeem was filed, both acts having been done on the same day. The legal fiction that there are no fractions of a day has no application to cases like this one, where the statute, to avoid confusion, expressly requires that notice shall be taken of the precise time an official act is done, and that a record thereof be made.

Judgment affirmed.