FIRST NATIONAL BANK OF WINNEBAGO v.
LESLIE C. BOLER AND OTHERS.
WINNEBAGO FARMERS ELEVATOR COMPANY
AND ANOTHER, APPELLANTS.

190 N. W. (2d) 94.

September 3, 1971—No. 42771.

*Erickson, Zierke, Kuderer, Utermarck & Sinor,* for appellants.

*Gerald F. Johansen,* for respondents Raymond D. Wolf and Hiram Ricard.

*Krahmer and Krahmer,* for respondents Howard E. Boler, Rena F. Boler, and Gerald Boler.

*Frundt, Hibbs & Frundt,* for respondents Huntley Elevator Company and I. O. Hagebak.

Heard before Knutson, C. J., and Nelson, Peterson, Kelly, and Rolloff, JJ.

KELLY, JUSTICE.

This is an appeal from an order of the district court denying the appellant lienholders the right to redeem following a mortgage foreclosure by action because of their failure to file notice of intention to redeem with the clerk of the district court within the "specified redemption period" in Minn. St. 581.10.

Appellants filed their notice of intention to redeem with the clerk of district court 1 year and 2 days after the date of the order confirming the sale. Appellant Winnebago Farmers Elevator Company, a first judgment creditor, contends that if its notice of intention to redeem is filed with the clerk of district court within 1 year and 5 days from the date of the order confirming sale, then there has been compliance with § 581.10. Appellant Russell C. Cramer, a third judgment creditor, maintains

that he is allowed 1 year and 15 days from the date of the order confirming the sale to file his notice of intention to redeem.

The narrow issue is whether the phrase "within such specified redemption period" in § 581.10 includes the additional 5-day period allowed a redeeming creditor under § 580.24 in the time during which notice of intention to redeem may be filed with the clerk of district court. We hold that the phrase does not include the additional 5 days and affirm the order of the trial court.

There is agreement among the parties that prior to a legislative amendment in 1967, the filing of notice of intention to redeem would not have been timely unless filed within 12 months from the date of the order confirming sale.

In 1967 the legislature changed Minn. St. 1965, § 580.23, creating a 6-month period of redemption by the mortgagor while retaining the 12-month period of redemption in certain situations. With the addition of a second redemption period it was necessary to reword Minn. St. 1965, §§ 580.24 and 581.10. The pertinent changes in §§ 580.24 and 581.10, adopted by L. 1967, c. 248, and indicated by italicization of new material and by capitalization and enclosure in parentheses of the language which was deleted, are as follows:

"580.24 [Redemption by creditor.] If no such redemption be made by the mortgagor, his personal representatives or assigns, the senior creditor having a lien, legal or equitable, upon the mortgaged premises, or some part thereof, subsequent to the mortgage, may redeem within five days after the expiration of (THIS 12 MONTHS) *the redemption period specified in section 580.23*; and each subsequent creditor having a lien in succession, according to priority of liens, within five days after the time allowed the prior lienholder, respectively, may redeem by paying the amount aforesaid and all liens prior to his own held by the person from whom redemption is made; provided that no creditor shall be entitled to redeem unless within (THIS 12 MONTHS) *the period allowed for redemption* he file for record notice of his intention to redeem with the register of deeds of each county where the mortgage is recorded."

"581.10 [Redemption by mortgagor, creditor.] The mortgagor, or those claiming under him, within (ONE YEAR) *the time specified in section 580.23* after the date of the order of confirmation, may redeem the premises sold, or any separate portion thereof, by paying the amount bid therefor, with interest thereon from the time of sale at the rate provided to be paid on the mortgage debt, not to exceed (TEN) *eight* percent per annum, and, if no rate to be provided in the mortgage, at the rate of six percent, together with any further sums which may be payable pursuant to section 582.03. Creditors having a lien may redeem in the order and manner specified in (CHAPTERS 580 AND 581) *section 580.24,* but no creditor shall be entitled to redeem unless within such (YEAR) *specified redemption period* he files with the clerk notice of his intention to redeem."

The very fact that the requirement of filing a notice of intention to redeem was retained in the statutes as amended is evidence that the legislature did not intend to extend the period of time allowed for its filing. If, as contended by appellants, any lien creditor could file such a notice up to the last moment permitted for redemption by § 580.24, there would be little or no purpose in requiring the notice. Junior creditors could just as easily check on the redemption itself. The obvious purpose of the filing requirement is to give notice as to who might be competing to redeem and how much the redemption might cost. Pamperin v. Scanlan, 28 Minn. 345, 9 N. W. 868.

We therefore hold that the phrase "within such specified redemption period" in § 581.10 refers to the specified redemption period allowed the mortgagor, which is either 6 months or 12 months as prescribed in § 580.23.

Affirmed.