Patricia C. REMOLE et al., Plaintiffs,

v.

JONATHAN DEVELOPMENT CORPORATION et al., Defendants,

First Trust Company of St. Paul, Appellant,

Frank Fox, Respondent.

No. 48661.

Supreme Court of Minnesota.

March 16, 1979.

Doherty, Rumble & Butler, John J. McGirl, Jr., and Stephen T. Refsell, Minneapolis, for appellant.

Rowland & Mertensotto, John C. Rowland, Charles E. Mertensotto, St. Paul, for respondent.

Heard before ROGOSHESKE, KELLY, and SCOTT, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

In a mortgage foreclosure action, appellant and junior lienholder, First Trust Com-

pany of Saint Paul (Trust Company), appeals from an order and judgment of the trial court declaring Trust Company's certificate of redemption null and void. The dispositive issue is whether Frank Fox, respondent and assignee of the mortgagee's interest in the sheriff's certificate of sale, has standing to complain of a late filing of notice of intent to redeem the foreclosed property. We hold that Fox does not have standing, and, therefore, we reverse.

The facts are undisputed. Mortgagees, Patricia C. Remole, et al., successfully bid at the sheriff's sale of the property in question and properly recorded the sheriff's certificate of sale on November 18, 1976. At the time of the sale, Trust Company had a lien of record on the property, junior to the foreclosed mortgage, to secure a substantial indebtedness of Jonathan Development Corporation. On December 23, 1976, Frank Fox was assigned the mortgagees' interest in the sheriff's certificate of sale. The mortgagor's redemption period expired November 18, 1977, without mortgagor Jonathan Development Corporation having exercised its right of redemption. On November 21, 1977, Fox informed Trust Company that Fox would not accept Trust Company's tender of redemption because it had filed its notice of intent to redeem 3 days late. The next day, Trust Company tendered a check in the amount of the redemption price to a Carver County deputy sheriff and received a certificate of redemption, which was immediately recorded. The trial court declared the certificate of redemption null and void and entered judgment against Trust Company.

The statutes dealing with redemption from mortgage foreclosure [1] are intended to prevent the sacrifice of the mortgagor's property, and, if the mortgagor fails to save the property by redeeming, to permit lien creditors to redeem in the order of their priority for the purpose of yielding the utmost value from the property to satisfy as many of the lien creditors as possible. *Rambeck v. LaBree,* 156 Minn. 310, 315, 194 N.W. 643, 645 (1923). The notice-of-inten-

tion-to-redeem provision has long been held to be "for the benefit of the redemptioners." *Connecticut Mut. Life Ins. Co. v. King,* 80 Minn. 76, 83, 82 N.W. 1103, 1104 (1900); see, *Wilson v. Hayes,* 40 Minn. 531, 42 N.W. 467 (1889). The purpose of the filing requirement of the notice of intent to redeem is "to give notice as to who might be competing to redeem and how much the redemption might cost." *First Nat. Bank of Winnebago v. Boler,* 291 Minn. 185, 188, 190 N.W.2d 94, 96 (1971). Since the holder of the sheriff's certificate of sale has no right to redeem but instead holds subject to redemption by the mortgagor and junior lienholders, the notice of intent to redeem serves no purpose for him. Therefore, absent a showing of prejudice, we hold that the holder of a sheriff's certificate of sale has no standing to contest a junior lienholder's failure to file a timely notice of intention to redeem.

The trial court's reliance on *Bank of Winnebago v. Boler, supra,* for the proposition that the statutory filing period must be strictly complied with is misplaced. *Boler* involved a dispute between three junior lienholders, all potential redemptioners, and held that timely filing of notice of intent to redeem must be made for a lienholder to preserve his right to redeem from competing lienholders. Fox, holder of the sheriff's certificate of sale, was not a potential redemptioner, and, under Minn.St. 581.10, was subject to termination by redemption within 1 year of the confirmation of the sheriff's sale by the mortgagor, or within succeeding 5-day periods by junior lienholders. Trust Company properly redeemed on November 22, 1977, within the 1-year and 5-day period of redemption for first priority lienholders. Since Fox has made no showing of prejudice as a result of Trust Company's late filing of notice of intent to redeem, he cannot complain of Trust Company's timely redemption.

This disposition makes consideration of Trust Company's other arguments unnecessary.

1. Minn.St. 580.23, 580.24, and 581.10.

Reversed and remanded with instructions to vacate the judgment of January 31, 1978, and to order entry of judgment confirming Trust Company's November 22, 1977, certificate of redemption.

TODD, J., took no part in the reconsideration or decision of this case.