**C & M REAL ESTATE SERVICES, INC., Respondent**

v.

**Ganesh THONDIKULAM, Appellant.**

**No. A06–1459.**

Court of Appeals of Minnesota.

Oct. 2, 2007.

Matthew A. Anderson, Andrew J. Hippert, Babcock Neilson Mannella & Klint, P.L.L.P., Anoka, MN, for respondent.

Darrell A. Jensen, Susan E. Sheely, Barna, Guzy & Steffen, Ltd., Coon Rapids, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge; MINGE, Judge; and HUDSON, Judge.

## OPINION

WILLIS, Judge.

In this appeal from summary judgment in an ejectment action involving a priority dispute, appellant is the assignee of a creditor who attempted to redeem the property from foreclosure. Appellant argues that the district court misapplied the law by concluding that appellant's assignor was not a judgment-lien creditor when it filed its notice of intent to redeem. Because the district court did not misapply the law, we affirm.

## FACTS

On May 27, 2004, the Anoka County Sheriff sold at a foreclosure sale a four-bedroom home in Lexington, Minnesota, after Daniel Landon, the owner and mortgagor, defaulted on the mortgage. US Bank National Association, ND (U.S. Bank), the mortgagee, purchased the sheriff's certificate of sale at the foreclosure, subject to a six-month redemption period.

In September 2003, Sheri Welch obtained a conciliation-court judgment against Landon. On November 10, 2004, Welch assigned the judgment to Omega Financial, LLC, and on the same day, Omega tendered for filing in Anoka County District Court a copy of the conciliation-court transcript of judgment, the assignment of judgment, and an affidavit of identification of judgment debtor.

On November 17, 2004, U.S. Bank assigned the sheriff's certificate of sale to respondent C & M Real Estate Services, Inc. Landon did not redeem the property by November 29, 2004, the last day of the redemption period. On November 29, 2004, at 10:20 a.m., Omega filed with the Anoka County Recorder a notice of intent to redeem the property from foreclosure based on Omega's asserted status as a junior lien creditor. But the conciliation-court judgment on which the purported lien was based was not docketed by the district-court administrator until 11:37 a.m. on November 29, about an hour and a half after Omega filed its notice of intent to redeem.

On December 3, 2004, Omega tendered to the Anoka County Sheriff certified funds to redeem the property. The sheriff issued a certificate of redemption, which Omega recorded. The sheriff also forwarded a copy of the certificate of redemption and the certified funds to C & M. But on December 9, C & M returned the funds to the sheriff, objecting to the redemption on the ground that the judgment that was the claimed basis for Omega's lien had not yet been docketed when Omega filed its notice of intent to redeem, so that Omega was not a lien creditor at that time and was not entitled to redeem.

On January 5, 2005, Omega conveyed the property by warranty deed to appellant Ganesh Thondikulam, a real-estate investor. Thondikulam received keys to the property after Omega changed the locks without C & M's permission. On October 12, 2005, C & M filed a district-court action seeking (1) a determination that C & M owned the property, (2) possession of the property, and (3) damages for unlawful entry and possession.

C & M moved for summary judgment, arguing that Thondikulam did not have good title to the property. The parties did not dispute that Omega's notice of intent to redeem was filed an hour and a half before the docketing of the judgment that was the basis for Omega's claimed lien. After a hearing, the district court granted summary judgment to C & M on the ownership and possession issues and ordered Thondikulam to vacate the property. The district court denied summary judgment on C & M's claim that it was entitled to "mesne profits" as damages and deter-

mined that the issue of "breaking and entering" was not properly before the court. Judgment was entered under Minn. R. Civ. P. 54.02, and this appeal follows.

## ISSUE

Did the district court err by concluding that Omega had no right to redeem because the judgment on which its purported lien was based had not yet been docketed when it filed its notice of intent to redeem?

## ANALYSIS

In reviewing an appeal from summary judgment, this court determines whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Cummings v. Koehnen*, 568 N.W.2d 418, 420 (Minn. 1997). We review de novo the district court's determination of a purely legal question. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

As a preliminary matter, C & M argues that Thondikulam misrepresents the record on appeal. C & M claims that the record shows that Omega did not tender for filing all of the documents necessary to docket the judgment until November 29, 2004. But C & M's counsel acknowledged at the summary-judgment hearing that Omega tendered the affidavit of judgment debtor to the district-court administrator for filing on November 10, even though the judgment was not docketed until November 29. And the record does not refute Thondikulam's claim that Omega also tendered for filing on November 10 the transcript of judgment and the assignment of judgment. We therefore reject C & M's argument.

■ Minn.Stat. § 548.09, subd. 1 (2006), provides, with certain exceptions not applicable here, that "every judgment ... shall be entered by the court adminis-trator when ordered by the court and will be docketed by the court administrator upon the filing of an affidavit [of a judgment creditor].... From the time of docketing the judgment is a lien ... upon all real property in the county then or thereafter owned by the judgment debtor." Thus, by statute, a judgment becomes a lien against a debtor's property when the judgment is docketed. *Nussbaumer v. Fetrow*, 556 N.W.2d 595, 598 (Minn.App. 1996), *review denied* (Minn. Feb. 26, 1997). Because a judgment lien provides the legal basis for a judgment creditor to proceed against a judgment debtor, until the judgment is docketed, no lien exists against the debtor's property, and a right of action to collect the debt secured by that lien has not accrued. *See Lowe v. Reierson*, 201 Minn. 280, 284, 276 N.W. 224, 226 (1937) (stating that "[t]he right to proceed against the debtor accrues immediately upon entry *and docketing* of judgment") (emphasis added).

■ Thondikulam argues that because the statute provides that judgment "will be docketed" when the judgment creditor's affidavit is filed, the district court erred by failing to determine that a lien was created when the affidavit was filed on November 10, 2004. But Minnesota appellate courts have strictly construed the docketing requirement. *See Brady v. Gilman*, 96 Minn. 234, 236, 104 N.W. 897, 897 (1905) (holding that attempted redemption from foreclosure sale was invalid when notice of intent to redeem was filed before docketing of judgment on which lien was based); *see also Oldewurtel v. Redding*, 421 N.W.2d 722, 727 (Minn.1988) (holding that when a judgment was not docketed, even "for reasons not apparent from the record," a judgment lien did not exist).

The district court relied on *Brady* in determining that Omega did not have a

lien on the property when it filed its notice of intent to redeem. In *Brady*, the plaintiff obtained from a defaulting mortgagor a confession of judgment on a mortgage, which was delivered to the clerk of court before 12:20 p.m. on a certain day, with a request for docketing. 96 Minn. at 235, 104 N.W. at 897. At 1 p.m. the same day, the plaintiff filed a notice of intent to redeem the premises from a foreclosure sale. *Id.* The judgment, however, was not docketed until 5 p.m. that day. *Id.* The Minnesota Supreme Court held that the attempted redemption was not valid because it had occurred before the plaintiff was, in fact, a lien creditor. *Id.* at 236, 104 N.W. at 897. The supreme court stated:

> It is a condition precedent to the exercise of the right of [a] creditor to redeem that he file a notice of his intention to do so, and to entitle him to give the notice he must have a lien on the premises at the time he files his notice. Therefore a notice of an intention to so redeem, filed by an intended redemptioner before he is in fact a lien creditor, is void, even though by the docketing of his judgment he afterwards becomes such creditor....

*Id.*

■ Thondikulam attempts to distinguish *Brady*, in which the docketing request occurred only four hours before the judgment was docketed, from this case, in which the docketing request occurred 19 days earlier. But the same legal principle applies: because the docketing of a judgment is necessary to create a judgment lien, a notice of intent to redeem that is filed before docketing is void.

Thondikulam argues that the $5 in nominal damages provided by Minn.Stat. § 548.09, subd. 3 (2006), for failure to docket a judgment is insufficient to compensate a judgment creditor for the value of a lost lien. *See id.* (stating that "[i]f the court administrator violates [section 548.09], neither the judgment nor the docketing is invalid, but the court administrator shall be liable to a person damaged by the violation in the sum of $5."). But the district court correctly determined that subdivision 3 *"does not* provide that if court administration mistakenly delays docketing, then the filing will nonetheless be considered docketed." When the language of a statute is plain, we will not amend it by supplying language that the legislature omitted. *See Tracy State Bank v. Tracy–Garvin Coop.*, 573 N.W.2d 393, 395 (Minn.App.1998) (stating that "when a statutory question involves the failure of expression rather than the ambiguity of expression, this court is not free to substitute amendment for construction and thereby supply the omissions of the legislature").

■ Thondikulam also maintains that public policy supports his argument because bureaucratic backlogs may unreasonably delay docketing and deny judgment creditors the right to recover. We disagree. Public policy requires consistency in determining lien priority among judgment creditors. *See Nussbaumer,* 556 N.W.2d at 599 (stating that judgment creditors, as a matter of public policy, must be able to rely on public records).

■ Thondikulam additionally maintains that C & M lacks standing to challenge Omega's redemption of the property, citing *Remole v. Jonathan Dev. Corp.*, 277 N.W.2d 362 (Minn.1979). In *Remole*, the Minnesota Supreme Court held that the assignee of a mortgagee's interest in a sheriff's certificate of sale lacked standing to complain when a junior lienholder filed a notice of intent to redeem foreclosed property after the redemption period expired. *Id.* at 363. But the district court properly rejected this argument because,

unlike the lienholder in *Remole,* Omega had no lien on the property when it filed its notice of intent to redeem because its judgment had not yet been docketed. And because Omega lacked a lien, it lacked a right to redeem the property from foreclosure. *See* Minn.Stat. § 580.24 (2006) (discussing redemption by creditors).[1] Thus C & M, as the assignee of the sheriff's certificate, became the owner of the property when the property was not redeemed.

■ Thondikulam argues finally that Omega substantially complied with the requirements for redeeming from a foreclosure sale. *See Sieve v. Rosar,* 613 N.W.2d 789, 793 (Minn.App.2000) (stating that strict construction of statutory redemption procedures does not preclude redemption when formal defects do not prejudice the rights of junior lienors). But to redeem a property from foreclosure, a lienholder must produce "a copy of the docket of the judgment" that evidences the lien. Minn. Stat. § 580.25(1). The requirement of producing proof of a docketed judgment that supports a notice of redemption is an "essential element[ ] of the statute [that] must be strictly adhered to." *Sieve,* 613 N.W.2d at 793; *see also Graybow–Daniels Co. v. Pinotti,* 255 N.W.2d 405, 407 (Minn.1977).

## DECISION

The district court did not err by concluding that Omega's attempt to redeem the property failed because Omega was not a lien creditor when it filed its notice of intent to redeem.

**Affirmed.**

---

1. The Minnesota legislature amended Minn. Stat. §§ 580.24, .25 in 2004, effective January 1, 2005. *See* 2004 Minn. Laws ch. 234, §§ 4–6, at 724–26. We apply the current statutory version because the record does not show that the parties had vested rights that were affected by the amendment. *See Interstate Power Co. v. Nobles County Bd. of Comm'rs,* 617 N.W.2d 566, 575 (Minn.2000).