**NORTHERN REALTY VENTURES, LLC, Appellant,**

v.

**MINNESOTA HOUSING FINANCE AGENCY, Respondent.**

No. A07–0800.

Court of Appeals of Minnesota.

April 15, 2008.

Kirk M. Anderson, John G. Westrick, Westrick & McDowall–Nix, P.L.L.P., St. Paul, MN, for appellant.

Lori Swanson, Attorney General, Thomas K. Overton, Darryl Henchen, Assistant Attorney Generals, St. Paul, MN, for respondent.

Considered and decided by
PETERSON, Presiding Judge;
SHUMAKER, Judge; and
STONEBURNER, Judge.

## OPINION

PETERSON, Judge.

In this appeal from summary judgment, appellant Northern Realty Ventures, LLC argues that the district court erred in determining that respondent Minnesota Housing Finance Agency is the fee owner of certain property because respondent substantially and sufficiently complied with the requirements to redeem the property following a mortgage-foreclosure sale, and, by notice of review, respondent argues that the district court erred in determining that appellant was entitled to redeem the property following the foreclosure sale. Because we conclude that the district court incorrectly interpreted the redemption statute, we reverse the determinations that respondent substantially and sufficiently complied with the requirements of the redemption statute and that appellant was entitled to redeem, and remand for further proceedings.

## FACTS

In July 2001, Jendayi Place, Inc. granted Western Bank a mortgage on a parcel of property in St. Paul, and the mortgage was recorded with the Ramsey County Recorder. Jendayi granted Community Loan Technologies a second mortgage on the property in March 2002, and the mortgage was recorded with the Ramsey County Recorder on April 4, 2002. On December 13, 2002, Jendayi granted a third mortgage on the property to respondent Minnesota Housing Finance Agency (MHFA) to secure a loan in the amount of $263,725. The mortgage was recorded with the Ramsey County Recorder on January 2, 2003.

On December 27, 2002, which was after Jendayi granted MHFA the third mortgage, but before that mortgage was recorded, a $17,523.85 judgment against Jen-

dayi in favor of Staffing, Training and Alternative Resources, Inc. was docketed in the Ramsey County District Court. The judgment was later assigned to appellant Northern Realty Ventures, LLC.

Jendayi defaulted on its mortgage to Community Loan Technologies, and Community Loan Technologies foreclosed. On October 25, 2005, the property was sold for $96,518.36 at a sheriff's sale, and the sheriff's certificate of sale was recorded with the county recorder. Jendayi, as mortgagor, had the right to redeem the property from the sheriff's sale within six months after the sale. *See* Minn.Stat. § 580.23, subd. 1 (2006). Jendayi did not exercise its right to redeem, and the redemption period expired April 25, 2006. Because Jendayi did not redeem, the six-month redemption period was followed by a series of seven-day periods during which creditors with liens on the property subsequent to the foreclosed mortgage could redeem. *See* Minn.Stat. § 580.24(a) (2006). The creditor whose lien had the highest priority could redeem during the first seven-day period, and in the order of the priority of their liens, each additional creditor had a seven-day period during which the creditor could redeem. *See id.* To be entitled to redeem, a creditor needed to record certain documents and deliver copies of the recorded documents to the sheriff during Jendayi's six-month redemption period. *See id.*

On March 8, 2006, MHFA filed with the county recorder a notice of intention to redeem the property from the foreclosure sale. On April 11, 2006, MHFA delivered a copy of its recorded notice of intention to redeem and a copy of its recorded mortgage to the sheriff.

On April 24, 2006, Northern Realty filed in the Ramsey County District Court its assignment of the judgment against Jendayi, and the assignment was docketed. On April 25, 2006, Northern Realty filed with the county recorder a notice of intent to redeem from the Community Loan foreclosure sale based on the assignment of judgment. The same day, Northern Realty delivered to the sheriff copies of the notice of intent to redeem based on the assignment of judgment, a certified copy of the notice of entry and statement of judgment, and a certified copy of the assignment of judgment. Also on April 25, 2006, Northern Realty filed with the county recorder an additional lien on the property in the amount of $1,591.32, which was based on the payment of property taxes by Northern Realty, and a second notice of intent to redeem based on the additional lien and then delivered to the sheriff a copy of the additional lien for payment of property taxes and a copy of the notice of intent to redeem based on the additional lien.

Because Jendayi's redemption period expired on April 25, 2006, the redemption period for the creditor whose lien had the highest priority subsequent to the foreclosed mortgage expired seven days later on May 2, 2006, and the redemption period for the next creditor expired on May 9, 2006. On April 27, during the first seven-day redemption period, the sheriff determined that even though Northern Realty was the senior creditor, it did not have the right to redeem because it had not filed with the sheriff documents that showed that the December 27, 2002 judgment against Jendayi in favor of Staffing, Training and Alternative Resources, Inc. and the assignment of that judgment to Northern Realty had been filed with the Ramsey County Recorder. The sheriff then informed MHFA that it was the senior creditor with the right to redeem, and on April 28, 2006, which was still within the first seven-day redemption period, MHFA delivered to the sheriff the payment for redemption and an affidavit showing the amount due on MHFA's lien and required to be paid in order to redeem from

MHFA. The sheriff issued a certificate of redemption to MHFA, and MHFA filed the certificate of redemption and the affidavit of additional amounts due on redemption with the county recorder.

On May 2, 2006, the final day of the first seven-day redemption period, Northern Realty attempted to redeem as senior creditor by delivering to the sheriff a payment and an affidavit stating the amount due on Northern Realty's lien and required to be paid in order to redeem from Northern Realty. Based upon the previous determination that Northern Realty was not entitled to redeem, the sheriff refused to accept the payment and affidavit. On May 9, 2006, the final day of the second seven-day redemption period, Northern Realty's attorney wrote to the sheriff and to the Ramsey County Attorney, stating that Northern Realty would bring an action for a writ of mandamus if it was not allowed to redeem from the Community Loan foreclosure. On May 12, 2006, which was after the second seven-day redemption period had expired, the sheriff changed his earlier decision and determined that Northern Realty was entitled to redeem as senior creditor; accepted payment from Northern Realty; issued to Northern Realty a certificate of redemption, which Northern Realty filed on that same day; and informed MHFA that it was entitled to redeem as junior creditor after Northern Realty. Also on May 12, 2006, MHFA tendered to the sheriff a payment to redeem from Northern Realty, and the sheriff issued to MHFA a revised certificate of redemption, which MHFA filed with the county recorder.

On May 15, 2006, Northern Realty filed with the county recorder an affidavit showing the amount required to be paid in order to redeem from Northern Realty, and on May 16, 2006, which was the last day of the third seven-day redemption period, Northern Realty made a payment to the sheriff in an effort to redeem from itself based on its additional lien for payment of property taxes. By letter dated May 17, 2006, Northern Realty refused to accept the payments tendered to the sheriff by MHFA to redeem from Northern Realty. On May 18, 2006, Northern Realty filed with the county recorder a certificate of redemption from foreclosure sale by a holder of a sheriff's certificate.

While the foreclosure and redemption procedures related to Jendayi's second mortgage on the property were occurring, Jendayi also defaulted on its first mortgage to Western Bank, and Western Bank began foreclosure proceedings. On December 14, 2005, the property was sold at a sheriff's sale to Western Bank. Based on their attempts to redeem following the foreclosure of the second mortgage, both Northern Realty and MHFA claimed to own the property, and both attempted to redeem as fee owners following the sheriff's sale to Western Bank. The sheriff refused to allow redemption by either party because he could not determine which party was the fee owner.

Northern Realty brought this action against MHFA seeking to quiet title to the property. The parties filed cross-motions for summary judgment and entered into a receivership agreement for management of the property pending the outcome of this action. The district court determined that because Northern Realty provided to the sheriff the documents required under Minn.Stat. § 580.24, Northern Realty had the right to redeem as senior creditor when it tendered payment to the sheriff on May 2, 2006, the last day of the first seven-day redemption period, and the sheriff refused to accept the payment. But even though MHFA was not the senior creditor when the sheriff had accepted payment from MHFA during the first seven-day redemption period and MHFA did not redeem from Northern Realty as a junior

creditor until after the second seven-day redemption period expired, the district court determined that MHFA was the fee owner of the property because MHFA substantially and sufficiently complied with the redemption requirements. The district court explained:

> The Sheriff's actions should not penalize MHFA so as to preclude their redemption after [Northern Realty's] redemption payment was accepted. MHFA provided all of the statutorily required documents to the Sheriff in a timely fashion, and provided a payment to redeem in the amount due at the direction of the Sheriff at the time the Sheriff determined it to be the senior creditor. It cannot reasonably be expected that MHFA would refuse to redeem under these circumstances or that it had an obligation to persuade the Sheriff that his interpretation of statutory law may be wrong.

On this basis, the district court granted summary judgment for MHFA.

Northern Realty appeals from the summary judgment for MHFA. MHFA filed a notice of review challenging the district court's determination that Northern Realty filed the documents required under Minn.Stat. § 580.24(a) in order to be entitled to redeem.

## ISSUES

I. Did the district court err in determining that Northern Realty filed the documents required under Minn.Stat. § 580.24(a) (2006) in order to be entitled to redeem?

II. Did the district court err in determining that MHFA is the fee owner of the property because it substantially and sufficiently complied with the statutory redemption requirements?

## ANALYSIS

On appeal from a summary judgment, this court examines the record to determine whether any genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn. 1990). This court reviews de novo whether a genuine issue of material fact exists and whether the district court erred in applying the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.,* 644 N.W.2d 72, 77 (Minn.2002). Statutory construction is a question of law, which we review de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn. 1998).

### I.

 The validity of a redemption depends on whether the party redeeming has substantially complied with the statutory redemption procedures. To promote certainty in real-estate transactions, redemption statutes are interpreted strictly according to their terms. But strict construction does not preclude redemption when formal defects do not prejudice the rights of junior lienors. While the essential elements of the statute must be strictly adhered to, failure to comply with the more formal requirements may be overlooked.

*TCM Properties, LLC v. Gunderson,* 720 N.W.2d 344, 350 (Minn.App.2006) (quotation and citations omitted).

The statute that governs redemption following a foreclosure sale states:

> If no redemption is made by the mortgagor, the mortgagor's personal representatives or assigns, the most senior creditor having a legal or equitable lien upon the mortgaged premises, or some part of it, subsequent to the foreclosed mortgage, may redeem within seven days after the expiration of the redemp-

tion period determined under section 580.23 or 582.032, whichever is applicable; and each subsequent creditor having a lien may redeem, in the order of priority of their respective liens, within seven days after the time allowed the prior lienholder by paying the amount required under this section. However, no creditor is entitled to redeem unless, within the period allowed for redemption by the mortgagor, the creditor:

(1) records with each county recorder and registrar of titles where the foreclosed mortgage is recorded a notice of the creditor's intention to redeem;

(2) records in each office where the notice is recorded all documents necessary to create the lien on the mortgaged premises and to evidence the creditor's ownership of the lien; and

(3) after complying with clauses (1) and (2), delivers to the sheriff who conducted the foreclosure sale or the sheriff's successor in office a copy of each of the documents required to be recorded under clauses (1) and (2), with the office, date and time of filing for record stated on the first page of each document.

Minn.Stat. § 580.24(a) (2006).

Northern Realty argues that because it was the most-senior creditor in line to redeem when Jendayi's six-month redemption period expired at midnight on April 25, 2006, it had seven days, or until May 2, 2006, to redeem the property from the sheriff's sale. Northern Realty contends that it redeemed on May 2, and MHFA then had seven days, or until May 9, to redeem from Northern Realty, but MHFA failed to do so. Northern Realty argues that because MHFA was not the most-senior creditor, its attempt to redeem on April 28 was premature, and because the seven-day period for MHFA to redeem as a junior creditor expired on May 9, MHFA's attempt to redeem on May 12

was too late. Therefore, Northern Realty contends, the district court erred as a matter of law when it denied Northern Realty's motion for summary judgment and granted MHFA's motion for summary judgment.

MHFA concedes that because the judgment that was assigned to Northern Realty was docketed in the district court before MHFA's mortgage was recorded in the county recorder's office, Northern Realty was the most-senior creditor with a lien on the property subsequent to the foreclosed mortgage. *See* Minn.Stat. § 548.09, subd. 1 (2006) (stating that from time of docketing, a "judgment is a lien, in the amount unpaid, upon all real property in the county then or thereafter owned by the judgment debtor"). But MHFA argues that although Northern Realty was the most-senior creditor, Northern Realty was not entitled to redeem under the assignment of judgment because Northern Realty did not comply with the filing requirements of Minn.Stat. § 580.24(a).

Minn.Stat. § 580.24(a) unambiguously states that "no creditor is entitled to redeem unless, within the period allowed for redemption by the mortgagor, the creditor" records a notice of the creditor's intention to redeem, records all documents necessary to create the creditor's lien and to evidence the creditor's ownership of the lien, and delivers to the sheriff copies of all of these documents that show when and where the documents were recorded. Under the plain meaning of this language, a creditor who fails to do the three required things during the mortgagor's redemption period is not entitled to redeem. Therefore, if Northern Realty failed to do any of the three required things during the six months following the sheriff's sale, it was not entitled to redeem even if it was the most-senior creditor.

■ MHFA acknowledges that Northern Realty recorded a notice of its intention to redeem as required by the statute but argues that Northern Realty was not entitled to redeem because it did not record the judgment and assignment and did not deliver to the sheriff copies of the recorded judgment and assignment that showed where and when the documents had been recorded. Northern Realty argues that it was not required to record the judgment and assignment in the county recorder's office because Minn.Stat. § 580.24(a)(2) required it to record "all documents necessary to create" its lien and to show its ownership of the lien. Northern Realty contends that its lien was created when the judgment was docketed in the district court and its ownership of the lien was shown when the assignment was filed in the district court. Consequently, Northern Realty concludes, recording the judgment and the assignment in the county recorder's office was not necessary to create its lien and to show its ownership of the lien, and it was not required to record the judgment and the assignment.

The district court agreed with Northern Realty's interpretation of the statute, and concluded that Northern Realty provided the required documents when it delivered to the sheriff a copy of the notice of intent to redeem based on the assignment of judgment, a certified copy of the notice of entry and statement of judgment that was filed in the district court, and a certified copy of the assignment of judgment that was filed in the district court. The district court stated:

> Considering the pertinent redemption statute as a whole, Minn.Stat. § 580.24(a)(2) is reasonably construed to require a creditor to file with the County Recorder those documents that *then* create the lien, not those that have already created a lien. In other words, where a

judgment and assignment have been properly filed and docketed by the court administrator, certified copies of those documents are sufficient for purposes of the requirements of the redemption statutes. (emphasis in original)

The district court interprets Minn.Stat. § 580.24(a)(2) to require a creditor to record a document with the county recorder only when recording the document is necessary to create a lien on the mortgaged property. Under this interpretation, if a lien has already been created, the documents that were needed to create the lien do not have to be recorded and copies of the documents showing that they have been recorded do not have to be presented to the sheriff during the mortgagor's redemption period.

But MHFA presents a reasonable alternative interpretation of the statute in which the phrase "all documents necessary to create the lien" means the documents needed to create the lien regardless of when the lien was created. Under this interpretation, because the judgment needed to be filed in the district court to create the lien, the judgment is a document necessary to create the lien, and because the assignment is needed to show that Northern Realty became the owner of the lien, the assignment is a document necessary to evidence Northern Realty's ownership. Therefore, to be entitled to redeem, Northern Realty needed to record both documents with the county recorder during Jendayi's redemption period.

Statutory interpretation is a question of law subject to de novo review. *Metro. Sports Facilities Comm'n v. County of Hennepin*, 561 N.W.2d 513, 515 (Minn. 1997). The object of statutory interpretation is to determine and give effect to the legislature's intent. Minn.Stat. § 645.16 (2006). When the words in a statute are

clear and unambiguous, a court must give effect to the plain meaning of the language. *Tuma v. Comm'r of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986). But when a statute is ambiguous, that is, when it is reasonably susceptible to more than one interpretation, the court must determine the probable legislative intent and construe the statute in a manner consistent with that intent. *Astleford Equip. Co., Inc. v. Navistar Int'l Transp. Corp.,* 611 N.W.2d 33, 37 (Minn.App.2000), *aff'd in part, rev'd in part,* 632 N.W.2d 182 (Minn.2001).

When the words of a law are not explicit, the intention of the legislature may be ascertained by considering, among other matters:

(1) the occasion and necessity for the law;

(2) the circumstances under which it was enacted;

(3) the mischief to be remedied;

(4) the object to be attained;

(5) the former law, if any, including other laws upon the same or similar subjects;

(6) the consequences of a particular interpretation;

(7) the contemporaneous legislative history; and

(8) legislative and administrative interpretations of the statute.

Minn.Stat. § 645.16. Also, "when a court of last resort has construed the language of a law, the legislature in subsequent laws on the same subject matter intends the same construction to be placed upon such language." Minn.Stat. § 645.17(4) (2006).

■ Our examination of Minn.Stat. § 580.24(a)(2) in light of these principles of statutory interpretation persuades us that the district court erred when it determined that Minn.Stat. § 580.24(a)(2) requires a creditor to record a document with the county recorder only when a lien has not already been created and recording the document is necessary to create a lien on the mortgaged property. Minn.Stat. § 580.24(a)(2) was added to the redemption statute in 2004. 2004 Minn. Laws ch. 234, § 4, at 724. Before this amendment, to be entitled to redeem after a mortgagor failed to redeem, a creditor only needed to file for record with the county recorder a notice of intention to redeem. Minn.Stat. § 580.24 (2002). But under *Brady v. Gilman,* 96 Minn. 234, 236, 104 N.W. 897, 897 (1905), a notice of intention to redeem is void unless it is filed after a lien on the property has been created. In *Brady,* a judgment creditor filed notice of his intention to redeem, but the creditor's judgment was not docketed until four hours later on the same day. *Id.* at 235, 104 N.W. at 897. The supreme court held that the judgment creditor was not entitled to redeem and explained:

The judgment becomes a lien on the unexempted land of the judgment debtor only from the time of so docketing it. A creditor having a junior lien, legal or equitable, on mortgaged premises, may redeem from a foreclosure sale thereof, provided he files notice of his intention to do so within the year allowed for redemption. It is a condition precedent to the exercise of the right of such creditor to redeem that he file a notice of his intention to do so, and *to entitle him to give the notice he must have a lien on the premises at the time he files his notice. Therefore a notice of an intention so to redeem, filed by an intended redemptioner before he is in fact a lien creditor, is void,* even though by the docketing of his judgment he afterwards becomes such creditor before the year to redeem expires.

*Id.* at 236, 104 N.W. at 897 (emphasis added) (citations omitted).

This means that before the redemption statute was amended in 2004, a creditor could become entitled to redeem only by filing a notice of intention to redeem after a lien on the property had been created. Because a lien on the property needed to be created before a creditor was entitled to record a notice of intention to redeem, any documents that needed to be recorded in order to create the lien had to be recorded before the notice was recorded. Consequently, there was no need for the legislature to amend the statute to require a creditor recording a notice of intention to redeem to also record any documents that needed to be recorded in order to create the creditor's lien. Under the previous statute, the creditor was already required to have a lien before recording the notice of intention to redeem.

Also, the contemporaneous legislative history of the enactment of Minn.Stat. § 580.24(a)(2) indicates that the recording requirement for "all documents necessary to create the lien" does not apply only to documents that must be recorded in order to create a lien. The legislation that became Minn.Stat. § 580.24(a)(2) was part of an amendment to H.F. No. 2419, which was a bill related to purchase-money mortgages. During the Senate debate on the amendment, the author of the amendment explained the amendment to the Senate as follows:

This amendment is intended to address a situation that has been causing the sheriffs a lot of problems. And that's when there's a mortgage foreclosure and redemption, at the end of that time period, the sheriff doesn't know who the right person is to redeem or what order of creditor they are. You know, generally speaking, the owner gets the first right to redeem and then after that it's a sequential order of the first senior, then the second, and third. There's a little bit of a race, sometimes, to be the last

person to redeem, and what this amendment would do is set up a process that's more clear, particularly for the sheriffs. So it would require that in order to be a person who can redeem, you have to file your notice of intent to redeem, that's current law. Number two, you have to make sure you file your actual mortgage or lien or judgment. Sometimes, people have them, but they don't file them or record them with the county recorder. Thirdly, after you've done that, you have to deliver both of these documents to the sheriff. And the sheriff would be allowed to collect a fee of $100, and they'd keep these documents on record, and then they would know who the potential creditors are, junior creditors who would be eligible to redeem the property.

Senate Floor Debate on H.F. No. 2419 (May 11, 2004) (statement of Sen. Neuville).

The Senate adopted the amendment and passed H.F. No. 2419 as amended. State of Minnesota, *Journal of the Senate,* 83rd Sess. 4569 (May 11, 2004). H.F. No. 2419 was then returned to the House of Representatives, where the House author moved to concur in the Senate amendments and that H.F. No. 2419 be repassed as amended by the Senate. State of Minnesota, *Journal of the House,* 83rd Sess. 7615 (May 13, 2004). During the debate on the motion, the House author explained the Senate amendment as follows:

The amendment put on by the Senate was brought to Senator Neuville by the Sheriff's Association and essentially members what it does is it allows the sheriff to verify a creditor's right to redeem in the priority level of various creditors. It is very technical but there was concern on the part of the sheriffs that when a redemption was going to occur or if a redemption is to occur, who

has the priority rights; how those rights line up. That's the amendment that was put on in the Senate.

House Floor Debate on H.F. No. 2419 (May 13, 2004) (statement of Rep. Kohls).

In response to a question, the author explained further:

That's one of the concerns that the sheriffs have. They want to make sure that whoever is claiming they have a right to redeem the property that they actually do. And that's why what this is doing it requires creditors to obtain documentation from the recorder's office, provide that information to the sheriff so that, so that the sheriff's department knows who the creditors are, what the priorities are, and who has a right to the property.

*Id.*

The motion to concur in the Senate amendments to H.F. No. 2419 and to repass the bill as amended prevailed, and H.F. No. 2419 was repassed by the House. State of Minnesota, *Journal of the House*, 83rd Sess. 7615 (May 13, 2004).

The statements made by the authors of the 2004 legislation during debate reveal the legislature's intent when it required a creditor to record all documents necessary to create the creditor's lien. Following a sheriff's sale in a foreclosure proceeding, it is possible to have several creditors who are entitled to redeem. Therefore, to administer the redemption process, it is necessary to know the priority of each lien. The documents used to create individual liens are used to determine the priority order of competing liens. But, as the facts of this case illustrate, some liens are created by recording documents in the county recorder's office and other liens are created by filing documents in other places, such as the district court. As a result, the sheriff responsible for administering the redemption process may have to determine the priority order of liens that were created by documents filed in different places.

The amendment to Minn.Stat. § 580.24 was enacted to reduce the difficulty of determining the priority of competing liens by requiring any creditor who wishes to become entitled to redeem to file in the county recorder's office all documents necessary to create the creditor's lien. Because the legislature's intent was to reduce the difficulty that sheriffs were having when determining the priority of competing liens, we conclude that the requirement in Minn.Stat. § 580.24(a)(2) to record "all documents necessary to create the lien" applies to the documents necessary to create any creditor's lien on the property, regardless of when the lien was created. If the requirement did not apply to all liens, the legislation would not accomplish its purpose because the sheriff would not receive the information needed to determine when each creditor's lien was created, and without information about each lien, the sheriff could not determine the priority order of all of the creditors' liens. Also, Minn.Stat. § 580.24(a)(3) (2006) requires creditors to deliver to the sheriff "a copy of each of the documents required to be recorded under clauses (1) and (2)." If the recording requirement under clause (2) did not apply to the documents necessary to create every creditor's lien, the documents required to be delivered to the sheriff under clause (3) would not always include all of the information needed to administer the redemption process.

Because the recording requirement in Minn.Stat. § 580.24(a)(2) applies to the documents necessary to create every creditor's lien, Northern Realty was not entitled to redeem based on the December 27, 2002 judgment unless it filed the judgment and assignment of judgment with the county recorder during Jendayi's redemption period. In its memorandum, the dis-

trict court found that "[t]he judgment and assignment were not filed with the County Recorder." In light of this finding, we conclude that the district court erred when it determined that Northern Realty had the right to redeem when it tendered payment to the sheriff on May 2, 2006. Therefore, Northern Realty should not have been permitted to redeem, and any payment that Northern Realty made to the sheriff to redeem based on the December 27, 2002 judgment should be refunded.

## II.

After determining that Northern Realty had the right to redeem when it tendered payment to the sheriff on May 2, 2006, the district court went on to determine that MHFA substantially and sufficiently complied with the requirements for redeeming from Northern Realty and, therefore, MHFA is now the owner of the property. But because the district court incorrectly interpreted Minn.Stat. § 580.24(a)(2), its determination that MHFA substantially and sufficiently complied with the redemption requirements is based on an incorrect interpretation of the redemption statute. Therefore, we reverse the determination that MHFA is now the owner of the property and remand to permit the district court to determine whether MHFA complied with Minn.Stat. § 580.24(a) as we have interpreted the statute.

Finally, the district court did not address whether Northern Realty was entitled to redeem based on its additional lien for payment of property taxes. On remand, the district court should determine whether Northern Realty complied with the requirements for redeeming based on this lien.

## DECISION

Because Northern Realty did not file the December 27, 2002 judgment and the assignment of that judgment with the county recorder during Jendayi's redemption period as required under Minn.Stat. § 580.24(a)(2), Northern Realty was not entitled to redeem based on that judgment. The district court applied an incorrect interpretation of Minn.Stat. § 580.24(a)(2) when it determined that MHFA substantially and sufficiently complied with the requirements of the redemption statute. Therefore, we reverse the district court's determinations that Northern Realty had the right to redeem when it tendered payment to the sheriff on May 2, 2006, and that MHFA is now the owner of the property. We remand to permit the district court to determine the amount of the payment that the sheriff must return to Northern Realty, to reconsider whether MHFA complied with the requirements of the redemption statute, and to determine whether Northern Realty complied with the requirements for redeeming based on its additional lien for payment of property taxes.

**Reversed and remanded.**